ROBERT E. CONWAY, Appellant, vs. H. D. SEXTON et al.
Appellees.

*Opinion filed December 22, 1909.*

1. ELECTIONS—*who are necessary parties to proceeding to contest election for trustees of sanitary district.* Each candidate for the office of sanitary district trustee, created by section 5 of the act of 1907, (Hurd's Stat. 1908, p. 881,) is opposed to every other candidate, and where there are several tickets in the field and part of the candidates on one ticket and part of those on another are declared elected, a petition to contest the election should make all the successful candidates, as well as all other persons who were candidates, parties to the proceeding.

2. SAME—*proceeding to contest election is subject to rules of chancery.* Except as otherwise provided by statute, a proceeding to contest an election is to all intents and purposes a chancery proceeding and is governed by the rules of chancery practice.

3. SAME—*want of necessary parties to election contest petition may be availed of by motion to dismiss.* Where the want of necessary parties to a petition to contest an election appears upon the face of the proceedings, so that the court can determine, from an inspection of the petition, that necessary parties are not in court, the defect may be availed of by a motion to dismiss.

4. SAME—*when a petition to contest election is insufficient.* A petition to contest the election of trustees of a sanitary district is insufficient where, even admitting its allegations to be true, it does not show that the petitioner would have been elected to the office, there being nothing in the petition to show how many votes were received by any of the candidates.

APPEAL from the County Court of St. Clair county; the Hon. FRANK PERRIN, Judge, presiding.

WISE & KEEFE, for appellant.

J. M. HAMILL, JOHN E. HAMLIN, DAN McGLYNN, and KRAMER, KRAMER & CAMPBELL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a proceeding in the county court of St. Clair county to contest the election of trustees of a sanitary district. This district comprises parts of St. Clair and Madi-

son counties, and was organized under an act of the General Assembly entitled "An act to create sanitary districts in certain localities and to drain and protect the same from overflow for sanitary purposes," approved May 17, 1907, in force July 1, 1907. (Hurd's Stat. 1908, p. 881.) After the district had been organized as provided by that statute an election was called for December 16, 1908, to elect five trustees, as provided in sections 4 and 5 of said act. Section 5, so far as it affects the questions raised here, reads as follows: "There shall be elected five trustees, who shall constitute a board of trustees for such district, and who shall hold office for three years, and until their successors are elected and qualified. * * * In all elections for trustees, each qualified voter may vote for as many candidates as there are trustees to be elected, or may distribute his vote among not less than three-fifths of the candidates to be elected," giving each of such candidates the same number of votes or fractional votes. At this election H. D. Sexton, C. L. Gray, Charles T. Jones, Frederick Kohl and J. W. Krauth, who were made parties defendant to this proceeding, were candidates for the office of trustee on the Tax-payers' ticket. The appellant and J. M. Chamberlin, George Lock Tarlton, F. A. Garesche and Thomas F. Leyden were candidates for the office of trustee on the Home Rule ticket. It appears from the briefs that there was a Socialist ticket of five candidates in the field, but neither the record nor the abstract shows the names of the candidates on this ticket or the number of votes received by them. Neither does it appear that the petition set out the number of votes received by any of the candidates on any of the tickets. The petition, however, does allege that the canvassing board found and declared, as a result of their canvass, that C. L. Gray, Charles T. Jones, H. D. Sexton, George L. Tarlton and Thomas F. Leyden each received more votes than the petitioner, and these five men last named were each given a certificate of election as trustee

of said district. As will be seen, three of these men declared elected were on the Tax-payers' ticket and two of them (Tarlton and Leyden) on the Home Rule ticket. Tarlton and Leyden were not made parties to this contest, neither were the candidates on the Socialist ticket. The summons was served only on the five candidates on the Tax-payers' ticket. The petition alleges that certain votes were counted for various of the five candidates on the Tax-payers' ticket which should have been counted for appellant, and that if these votes so wrongfully counted had been properly counted for appellant he would have been elected, and the appellant prays that there may be a re-count of all the ballots and that he may be declared duly elected trustee. Jones, Gray and Sexton moved to dismiss the petition because the court was without jurisdiction, in law, to hear and determine the subject matter of the petition, and because the petition was insufficient in that certain necessary persons were not made parties. On a hearing of these motions the petition was dismissed and judgment for costs entered against appellant. From this judgment this appeal was taken.

Under this statute five trustees were to be elected. Each candidate was opposed to every other candidate who was running for the office of trustee. Neither candidate was running for any particular one of the five places to be filled, but under the law the five candidates that received the highest number of votes at this election were elected to the five positions. It is quite possible, from anything that is shown in the record, that Gray, Jones and Sexton, who were declared elected and who are parties to this proceeding, might have received more votes on the re-count than either Tarlton or Leyden and appellant might also have received more votes than Tarlton and Leyden, and yet as the two latter were not made parties to this proceeding the court could not declare petitioner elected. We think Tarlton and Leyden, as well as all other persons who were can-

didates for trustee at the election in question, should have been made parties.

Appellant, however, insists that this question should have been raised by a plea in abatement in the court below and not by motion to dismiss. The defect of proper parties appears here on the face of the proceedings, and the court could determine from an inspection of the petition that certain necessary parties were not in court. The motion to dismiss, under such a state of facts, is proper, even in common law proceedings. (*Holloway* v. *Freeman,* 22 Ill. 197; *Windett* v. *Hamilton,* 52 id. 180; *McNab* v. *Bennett,* 66 id. 157.) Section 116 of the Election law (Hurd's Stat. 1908, p. 929,) provides that a proceeding of this kind "shall be tried in like manner as cases in chancery." This court, in discussing this statute in *Dale* v. *Irwin,* 78 Ill. 170, said (p. 175): "The proceeding to contest such an election is to all intents and purposes a chancery proceeding and subject to all the rules governing them." To the same effect are *McKinnon* v. *People,* 110 Ill. 305, *Weinberg* v. *Noonan,* 193 id. 165, and *Quartier* v. *Dowiat,* 219 id. 326. Except, therefore, as otherwise provided by statute, a proceeding of this kind will proceed according to the rules of chancery practice.

In discussing the method of raising the question of the lack of parties in chancery proceedings in *Prentice* v. *Kimball,* 19 Ill. 320, this court said (p. 323): "It is the usual and better practice, where the want of proper parties is apparent on the face of the bill, to take advantage of it by demurrer or motion to dismiss, or if not patent, by plea or answer. Where the parties omitted are mere formal parties and not indispensable to a decision of the case upon its merits, it will be too late to make the objection at the hearing; but where the rights of the parties not before the court are intimately connected with the matter in dispute, so that a final decree cannot be made without materially affecting their interests, * * * the objection may be

taken at the hearing, or on appeal, or on error. Courts will, *ex-officio,* take notice of such omission and rule accordingly." The following among other authorities sustain the rule laid down in the decision just quoted: *Spear* v. *Campbell,* 4 Scam. 424; *Farmers' Nat. Bank* v. *Sperling,* 113 Ill. 273; *Howell* v. *Foster,* 122 id. 276; *Gerard* v. *Bates,* 124 id. 150; *Johnson* v. *Huber,* 134 id. 511; *Bradley* v. *Gilbert,* 155 id. 154; *Chandler* v. *Ward,* 188 id. 322; *Dubs* v. *Egli,* 167 id. 514; *Abernathie* v. *Rich,* 229 id. 412.

The motion to dismiss was therefore properly sustained, because proper and necessary persons, indispensable to a decision of the contest upon its merits, were not made parties to the proceeding. At the time this order was entered, May 13, 1909, it was too late, under the statute, to bring in new parties to the contest.

The motion to dismiss is not set out in full in the abstract. If it was so worded that it raised the insufficiency of the allegations of the bill it could properly be treated as a demurrer. (*Smith* v. *Kochersperger,* 173 Ill. 201; 2 High on Injunctions,—4th ed.—sec. 1706.) So treated, the bill was insufficient for the further reason that even if all its allegations are admitted to be true, it does not show that appellant would have been elected as one of the five trustees even provided all of the votes he claims should have been counted for him were so counted, for, as has been heretofore stated, the petition does not set out how many votes were received by any of the candidates. It is quite possible, from anything found in the record, that the difference in votes between appellant and appellees was so great that the proper counting of the votes alleged to have been counted improperly would not have changed the result.

The conclusions reached herein on the questions already discussed make it unnecessary for us to consider and decide whether section 98 of the Election law (Hurd's Stat. 1908, p. 928,) gives the county court jurisdiction to hear this election contest. This decision ends the contest, as it

is now too late to make the proper persons parties within the thirty days provided by section 106 of the Election law.

The judgment of the county court will be affirmed.

*Judgment affirmed.*