THE PEOPLE *ex rel.* Harvey J. Nourie *et al.* Appellants, *vs.* JOSEPH H. PELTIER *et al.* Appellees.

*Opinion filed December 16, 1914.*

1. ELECTIONS—*section 270 of the School law does not authorize women to vote upon question of organizing a high school district.* While section 270 of the School law authorizes women having the qualifications therein prescribed to vote for school officers who are not named in the constitution, yet it does not authorize them to vote upon the question of organizing a high school district.

2. SAME—*Women's Suffrage act does not authorize women to vote upon proposition to organize high school district.* The provision of the Women's Suffrage act of 1913 that women may vote upon all questions or propositions submitted to a vote of the electors of the municipalities mentioned therein or other political divisions of the State, does not authorize women to vote upon the question of organizing a high school district under section 6 of the Township High School act of 1911, since school districts are not among the municipalities mentioned in the act of 1913 and do not become political subdivisions of the State until after organization.

3. QUO WARRANTO—*petition for leave to file information must allege facts.* A petition for leave to file an information in the na-

ture of *quo warranto,* the real purpose of which is to contest an election to organize a high school district upon the ground that women were allowed to vote, must allege the total number of votes cast, the number for and against the proposition and the number of votes cast by women, and it is not sufficient to allege the conclusion that the election would have been against organization if women had not been allowed to vote. (*Conway* v. *Sexton,* 243 Ill. 59, applied.)

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

J. W. KERN, State's Attorney, (KAY, PERRIGO & KAY, and PALLISSARD & BENJAMIN, of counsel,) for appellants.

C. G. HIRSCHI, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The State's attorney of Iroquois county presented to the circuit court of that county his petition for leave to file an information in the nature of *quo warranto* requiring the appellees to answer to the court by what authority they claimed to hold and exercise the franchise of a high school district as president and board of education. The court denied the prayer of the petition and dismissed it.

The facts from which leave was asked were set forth in an affidavit of Harvey J. Nourie, which stated that he and the other relators were citizens and legal voters of Iroquois county and owners of land and tax-payers in the territory which was alleged to have been organized as a high school district in pursuance of an affirmative vote at an election held on May 23, 1914; that at the election the votes of more than ninety women were received and counted and if those votes had not been received and counted the proposition would have been lost, and that the territory described in the affidavit did not contain within its boundaries a school district having a population of 1000 or more and

not exceeding 100,000. The lands composing the territory were described in the affidavit and were situated in several school townships and were not confined to any existing school district.

The proceeding to organize the high school district was under section 6 of the act to authorize the organization of such districts, in force July 1, 1911, (Laws of 1911, p. 505,) which provides that the inhabitants of any contiguous and compact territory, whether in the same or different townships, upon a petition signed by at least fifty legal voters and an affirmative vote in such territory, may establish, in the manner provided by the act, a township high school for the benefit of the inhabitants of the territory described in the petition. Section 270 of the School law provides that women having the qualifications therein specified shall be entitled to vote at any election held for the purpose of choosing any school officer, and by virtue of that section women may vote for any school officer not named in the constitution. (*Plummer* v. *Yost,* 144 Ill. 68.) That section does not authorize women to vote upon the proposition whether certain territory shall be organized into a school district, and whether it was entirely consistent for the General Assembly to permit women to vote for the officers of a district when they are not permitted to vote whether there shall be a district is a question with which the courts are not concerned. The only other act conferring upon women the right to vote at elections is the act of 1913. (Laws of 1913, p. 333.) A provision of that act which it is argued confers the right is, that women may vote upon all questions or propositions submitted to the vote of the electors of the municipalities mentioned therein or other political divisions of the State. School districts are not mentioned in the act, and the right to vote whether territory shall be organized into a high school district depends upon the question whether such territory constitutes a political division of the State. Whether a high school district is a municipal

corporation or *quasi* municipal corporation or not, it is a political division of the State, because the territory comprising it is organized for the public advantage and the exercise of governmental functions by the support of free schools and levying taxes for such support. (31 Cyc. 908.) It does not become such political division, however, until it has been organized and is capable of exercising such functions. Women were not entitled to vote at the election in question by virtue of the act of 1913. They were legal voters in the territory at some elections and on certain questions, but the provision that the question of organizing high school districts shall be submitted to a vote of the people at an election means submission to voters who are entitled to vote upon the question submitted. (*Beverly* v. *Sabin,* 20 Ill. 357; *Heuser* v. *Harris,* 42 id. 425.) Women were not entitled to vote on the question of organizing a high school district, and their votes should not have been received and counted.

While women were not entitled to vote, the court did not err in refusing leave to file the information, because the affidavit presented did not show facts requiring the court to grant the leave. A petition must allege facts and not conclusions, and the affidavit presented to the court did not show how many votes were cast at the election, how many were in favor of the proposition submitted or how many against it. For anything that appears in the affidavit there might have been a majority of more than ninety votes in favor of the proposition. It did not state as a fact that any women, or how many women, voted for the proposition, and the court was not called upon to inaugurate an exploring expedition to ascertain facts not alleged. The real purpose and effect of the proceeding were to contest the election, and the rule as stated in *Conway* v. *Sexton,* 243 Ill. 59, is applicable. The petitioner there alleged that votes which should have been counted for him were wrongfully counted for other candidates, and that if the votes so

wrongfully counted for other candidates had been properly counted for him he would have been elected. It was held that the petition was insufficient because there was nothing in it to show how many votes were received by any of the candidates. The suggestion that if enough illegal votes should be found to change the result the election would be void even if it should be impossible to determine how many illegal votes were cast on each side, if considered sound, would not aid the petition, because the petition does not show, by statements of fact as to the number of votes, that ninety votes would have changed the result.

The judgment is affirmed. *Judgment affirmed.*