(No. 19471.—

GEORGE F. SMITH *et al.* Appellants, *vs.* TOWNSHIP HIGH SCHOOL DISTRICT No. 158 *et al.* Appellees.

*Opinion filed June 19, 1929.*

C. E. McNemar, for appellants.

Shurtleff & Niehaus, for appellees.

Mr. Justice DeYoung delivered the opinion of the court:

George F. Smith and six other electors and tax-payers filed their petition in the circuit court of Peoria county against Township High School District No. 158, in Peoria county, the members of its board of education and the township treasurer, to contest an election held in that district on August 21, 1928, for the purpose of voting upon the propositions to select a school site, to purchase a site upon which to build a new school house, to build a new school house, and to issue bonds of the district aggregating $20,000. The members of the board of education filed a joint and several demurrer, while the township treasurer and the district filed separate demurrers. These demurrers were sustained. Thereafter the petitioners asked leave to file an amended petition. Objection was interposed by the defendants, the motion was denied and the original petition

was dismissed. The petitioners prosecute this appeal from the order of dismissal.

It was alleged in the original petition that it was the duty of the members of the board of education in charge of the election to cause the poll-book, containing the names of the persons who voted, to be returned to the township treasurer within ten days after the election so that it might be filed and kept as evidence of the election, but that they failed to do so; that the members of the board of education placed the poll-book, with the ballots cast, in a receptacle and sealed it, and consequently that no poll-book had been accessible or open to inspection; that it was likewise the duty of the members of the board of education, as officers of the election, to make out a certificate showing the result of the election and to file the certificate with the township treasurer within the same period, but that they failed to perform that duty; that the petitioners called upon the township treasurer and asked him to exhibit such a certificate to them in order that they might ascertain the result of the election, but that he informed them that no such certificate had been filed with him, and that the members of the board of education told the petitioners that all the propositions submitted had been voted upon favorably and that the board intended to proceed on that assumption. The petitioners further alleged in their original petition, upon information and belief, that at least seven votes were cast in favor of the proposition to issue bonds by absent voters, contrary to the statute; that persons who were not legally qualified electors, whose names and exact number the petitioners were unable to give, voted in favor of the propositions submitted, and that a re-count of the ballots cast would show that all the propositions were defeated. The prayer of the petition was that the defendants be required to produce the ballots, poll-book and any certificate of election that might have been issued, and that a re-count of the ballots be ordered.

The amended petition, leave to file which was denied, contained substantially all the allegations of the original petition. Additional allegations of the amended petition were, that the members of the board of education informed the petitioners more than ten days after the election that some person had since found a book containing a list of names written by members of the board of education, said to be a poll-book, and that it had been delivered to the township treasurer; that persons were allowed to vote in favor of the propositions submitted at the election who were not qualified legal voters; that upon a re-count the petitioners would be able to produce them, and that the ballots were in the condition they were when sealed in the receptacle after the election. The prayer of the amended petition was similar to that of the original petition.

Appellants contend that the circuit court erred in sustaining the demurrer to the original petition, and that in any event they should have been permitted to file the amended petition. Appellees, on the contrary, insist that improper parties were made defendants, and that leave to file the amended petition was properly denied because the court had lost jurisdiction of the proceeding when the application to file that petition was made.

The instant proceeding was instituted by authority of section 117 of the Elections act, (Cahill's Stat. 1927, p. 1118; Smith's Stat. 1927, p. 1211;) which provides: "In the case of all * * * public measures or subjects submitted to the voters of any city, village, incorporated town, county, sanitary district or any other municipal corporation, or any subdivision of the State, any five electors of the * * * city, village, incorporated town, county, sanitary district or other municipal corporation, or subdivision of the State, may contest the results of any such election by filing a written statement in the circuit or superior court within thirty days after the result of the election shall have been determined, in like form as in other cases of con-

tested elections in the circuit court. Such city, village, incorporated town, county, sanitary district or other municipal corporation or subdivision of the State shall be made defendant and process shall be served as in suits against such city, village, incorporated town, county, sanitary district or other municipal corporation or subdivision of the State; and like proceedings shall be had as in other cases of contested elections before such court."

The purpose of a proceeding to contest an election is to ascertain the true vote of the electors. The written statement must set forth the points on which the contest is based, and it must be verified by affidavit in the manner that bills in chancery are verified. (Elections act, secs. 113, 117; Cahill's Stat. 1927, pp. 1117, 1118; Smith's Stat. 1927, p. 1210; *Cipowski* v. *City of Calumet City,* 322 Ill. 575; *Welsh* v. *Shumway,* 232 id. 54; *MacGuidwin* v. *South Park Comrs.* 333 id. 58.) The allegations concerning the sealing of the poll-book, with the ballots, were pertinent to require their production in open court in order to ascertain the result of the election. It was not necessary, however, to make the members of the board of education and the township treasurer defendants for this purpose. The right to contest an election is statutory and the statute must be strictly followed. (*Browning* v. *Gorman,* 261 Ill. 617; *Daugherty* v. *Carnine,* 261 id. 366.) Under section 117 of the Elections act only the municipal corporation or subdivision of the State in which the election is held should be made defendant to the proceeding. (*MacGuidwin* v. *South Park Comrs. supra.*) Hence the township high school district is the only proper defendant in the present case.

Many of the material allegations of the original and amended petitions were made upon information and belief. Such allegations are not equivalent to direct or positive allegations of fact, and since an election contest is tried in like manner as cases in chancery, a demurrer to a petition to contest an election containing such allegations admits the

fact that the contestants are so informed and believe but not that such information is true. (Elections act, sec. 116; *Hulse* v. *Nash,* 332 Ill. 500; *Murphy* v. *Murphy,* 189 id. 360; *Walton* v. *Westwood,* 73 id. 125.) A statute, however, which requires a statement of the points upon which an election will be contested should receive a reasonable construction in order to accomplish the purpose intended. To hold that a petition to contest an election should only contain such allegations of fact as are within the contestant's personal knowledge would be impracticable, for the very nature of the proceeding compels him largely to rely upon information obtained from other persons, and it is obvious that as to such information the contestant can only make oath that he believes the allegations to be true. (*Jackson* v. *Winans,* 287 Ill. 382; *Farrell* v. *Heiberg,* 262 id. 407.) The charge in the original petition is, in substance, that illegal votes were cast at the election and counted in favor of the propositions submitted, and that without such votes the propositions would have been defeated. This charge affords a basis for the instant contest. Where a petition to contest an election, properly verified by affidavit and filed within the time prescribed by the statute, sets forth one or more sufficient grounds for contest, amendments to the petition may be allowed even after the expiration of the time within which the original petition was required to be filed. (*MacGuidwin* v. *South Park Comrs. supra; Hulse* v. *Nash, supra.*) Such amendments may be made by means of an amended petition if the petitioners so desire. *Clarke* v. *Bettenhausen,* 296 Ill. 373.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to allow either amendments to the original petition or the filing of an amended petition.

*Reversed and remanded, with directions.*