(No. 29353.—

SAMUEL WAGLER, Appellant, *vs.* ROY D. STOECKER, Appellee.

*Opinion filed March 20, 1946—Rehearing denied May 16, 1946.*

DUNKELBERG & RUST, of Pekin, for appellant.

LOUIS F. KNOBLOCK, of Peoria, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

On April 3, 1945, an election was held for the office of assessor of Groveland township, in Tazewell county. The official canvass disclosed that Roy D. Stoecker received 398 votes and Samuel Wagler 364. April 27, 1945, Wagler

filed a petition in the county court of Tazewell county to contest the election. The only ground alleged in the petition was that the election was "null by reason of the fact that the said defendant, Roy D. Stoecker, was not, on April 3, 1945, and is not now legally qualified to hold the office of Assessor of Groveland Township." The relief sought was that the election of defendant be declared "null and void, by reason of his legal disqualification to hold said office." Defendant answered, evidence was heard and, on September 15, 1945, the court entered an order finding that the petition was not supported by the law and the evidence, and dismissed the petition. Wagler prosecutes this appeal.

The single issue made by the pleadings and presented for decision is the construction of section 1 of article IX of an act to revise the law in relation to township organization, which ordains: "No person shall be eligible to any town office unless he shall * * * have been one year a resident of such town." (Ill. Rev. Stat. 1943, chap. 139, par. 83.) Uncontradicted testimony discloses that Stoecker voted in the city of Peoria at the primary election held on April 11, 1944, and lived in Peoria until July 27, 1944, when he moved to and was a resident of Gardena, Groveland township, on April 3, 1945, the day of the election for the office of township assessor. The term of office to which defendant was elected did not commence until January 1, 1946.

The sole contention made and argued by the parties, namely, whether the applicable provision of the Township Act requires a candidate for the township office of assessor not only to be a legal voter on the day of the township election but, also, a resident of the town one year prior to the election, is not open to consideration. The appeal brings to this court for review the judgment entered by the trial court, and not the reasons which prompted its entry. Proceedings to contest an election are purely stat-

utory. Repeated decisions have firmly established the rule that the purpose of an election contest is to ascertain how many votes were cast for or against a candidate, or for or against a measure, and thereby ascertain and render effective the will of the people. The only power given by statute to the court in the present election contest is to determine which of the parties has been elected. The eligibility of the person elected to hold the office cannot be determined in such proceeding. In short, the remedy to determine the question whether a person elected to office possesses the requisite qualification for eligibility is by an information in the nature of *quo warranto.* *Mayes* v. *City of Albion,* 374 Ill. 605; *Edgcomb* v. *Wylie,* 248 Ill. 602; *Dilcher* v. *Schorik,* 207 Ill. 528; *Greenwood* v. *Murphy,* 131 Ill. 604.

We are not interested in the reasons which prompted the trial judge in entering, or the grounds on which he based, the judgment. The petition should have been dismissed for want of jurisdiction but, inasmuch as the judgment, dismissing the petition, was the only proper judgment which could be entered, that judgment is affirmed.

*Judgment affirmed.*