(No. 30183.

ROBERT W. JOYCE, Appellant, *vs.* DAVID BLANKENSHIP, Appellee.

*Opinion filed January 22, 1948.*

L. C. COMBE, of Greenville, for appellant.

MEYER & MEYER, of Greenville, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

On November 5, 1946, an election was held for the office of sheriff of Bond County. The result of the canvass of the votes was that David Blankenship, a nominee of the Republican party, received 3164 votes, and the plain-

tiff, Robert W. Joyce, the nominee of the Democratic party, received 3147 votes, this giving Blankenship a margin of 17 votes. He received a certificate of election, qualified, and assumed the duties of his office. Joyce filed a complaint in the county court of Bond County to contest the election, and on December 16, 1946, Blankenship, limiting his appearance, filed a motion to dismiss the complaint. Later, leave being granted, an amendment to the motion filed by Blankenship was filed on January 8, 1947.

The motion to dismiss coming on for a hearing, it was stipulated by and agreed between the parties that on November 18, 1946, L. C. Combe, who swore plaintiff to the complaint, had not at that time caused a memorandum of his appointment as a notary to be entered in the record of the county clerk of Bond County. It was further stipulated between the parties that the said L. C. Combe did at that time have a notary public commission issued by the executive department of the State of Illinois. On this hearing the motion to dismiss was allowed and the complaint to contest was dismissed at costs of plaintiff, who at that time requested leave to file an amended complaint. On January 22, 1947, plaintiff filed a motion requesting the court to vacate said order dismissing the complaint and that plaintiff be allowed to amend. In said motion plaintiff set out that the practice of dismissing a complaint is confined to cases where there is a want of equity upon the face of the complaint and it is manifest that no amendment can aid it, or where there is a want of jurisdiction. On hearing, this motion was denied.

The defendant, appellee here, has filed with this case a motion to dismiss the appeal, contending that the abstract is insufficient and incomplete and does not disclose whether the notice of appeal was properly filed, the date of filing, or the substance of such notice; that there has been a failure on the part of plaintiff, appellant here, to comply with certain rules of this court pertaining to furnishing a com-

plete abstract of the record. It is contended that the abstract does not show that notice of appeal was filed and the date of such filing in the trial court; that the notice of appeal does not specify and describe the order, determination, decision, judgment or decree, which is being appealed from; and that under Rules 36 and 39 of this court, a brief statement of the errors relied upon for reversal is not stated in the concluding subdivision of the statement of the case in the brief furnished by the appellant.

In regard to the contention that the notice of appeal does not show in the abstract that it was filed within the ninety days, we find the abstract discloses the judgment of the court denying plaintiff's motion to vacate the order dismissing the complaint and for leave to file an amended complaint was filed on January 22, 1947, and that appellant's abstract of the record was filed in this court on April 22, 1947. The abstract shows that notice of appeal was filed within the time but only fails to show the date or method of service.

Appellee also contends that the abstract is insufficient in many other respects. However, no effort was made by him to file a further abstract. It is the duty of appellee to file an additional abstract if he deems appellant's abstract insufficient.

Appellee next contends appellant's brief is insufficient in that appellant has failed to file therein a statement of errors as required by Rule 39 of this court. It is true that appellant failed to file a statement of errors. However, an assignment of errors is set out in his abstract, and, in addition, his statement, brief and argument contains sufficient information to show the errors upon which he is relying. While this case is before us on the pleadings, it is just as essential that appellant follow Rule 39, and there is no justification for his failure to do so. We have, however, formerly held compliance with the rule is not jurisdictional, that it is purely a procedural requirement

designed for the convenience of the court and counsel as conducive to the ordinary presentation of cases and the administration of justice, that compliance with this wholesome provision of the rule is, in all cases, desirable, and that by such compliance attorneys render a valuable service to the court as well as to their clients. We are of the opinion, in the instant case, that the questions for determination clearly appear from an examination of the entire brief, and the appeal, for that reason and others heretofore presented, will not be dismissed.

Appellant contends that the lower court erred in dismissing the complaint and denying leave to file an amendment. Appellee contends the complaint was properly dismissed and urges it was improper for the complaint to be sworn to before a notary public who was also the attorney representing appellant; that the complaint was insufficient in its averments to contest the election; that as to the motion to amend, a party is not entitled as of right to have leave to amend regardless of what the amendment is to be; that there is no presumption that the proposed amendment will be a proper one; that it is not error to refuse to allow leave to amend a pleading where the proposed amendment is not presented and where there is no means of determining whether the amendment will be proper.

We do not think appellee's position as to presenting the proposed amendment is tenable under the record here. The amended motion to dismiss was presented and allowed and at the same hearing appellant asked leave to file an amended complaint. However, the court dismissed the complaint without particularly ruling on leave to file an amendment. This was at least tantamount to denying leave to amend as the order stood dismissing the complaint. This is further shown by appellant's motion, later filed to set aside the order dismissing the complaint, and in which he again renewed his motion for leave to amend. It is true the ordi-

nary procedure to obtain an amendment of pleading is to prepare a motion for leave to amend setting out the particular amendment giving notice of such motion. We are of the opinion, however, if the amendment is sought during the course of the trial the procedure does not require such strictness.

Appellee urges that the complaint was improperly sworn to before appellant's attorney and he cites a number of cases in support of this proposition. Had the court allowed an amendment, which was requested, this criticism would have been obviated by the substitution of a new affidavit.

It is contended that the complaint is insufficient in its averments to contest the election, and a number of cases are cited by appellee pointing out that pleadings must state facts from which the court can determine whether the conclusions drawn therefrom are ill or well founded. We held in the case of *Waters* v. *Heaton*, 364 Ill. 150, quoting from the case of *MacGuidwin* v. *South Park Comrs.* 333 Ill. 58: "This court has held that in an election contest where a contestant states by proper allegations generally that he received a certain number of votes cast in the entire voting municipality or district more than his opponent received who by the election returns was declared to be elected, such contestant has the right to have the entire ballots counted to determine the true result of the election." And quoting from *Leonard* v. *Woolford*, 46 Atl. (Md.) 1025, in the *MacGuidwin case*, we said "that if the court were to require the same precision and certainty in an election petition as in the pleadings between parties to a suit at law, the object of which pleadings is to produce a single issue, the difficulty of stating precisely the manner in which a fraud had been perpetrated or an undue return made would to a great degree nullify the law itself, which designs that such charges should be investigated." The Maryland court further said: "The rule must not be held so strict as to afford protection to fraud by which the will of the

people is set at naught, nor so loose as to permit the acts of sworn officers, chosen by the people, to be inquired into without an adequate and well-defined cause."

We have analyzed this complaint and find that it charges there were many irregularities and that appellant was actually elected. In the case of *Smith* v. *Township High School Dist.* 335 Ill. 346, this court, at page 351, said: "The charge in the original petition is, in substance, that illegal votes were cast at the election and counted in favor of the propositions submitted, and that without such votes the propositions would have been defeated. This charge affords a basis for the instant contest." The court also held there that amendments may be made by an amended petition if the petitioner so desires.

Even though the complaint was not as complete as it should be, we think sufficient good points of contest were set out, and no doubt if the amendment had been permitted, the objections as made to the complaint would have been obviated. The serious question presented is the denial of plaintiff's motion to amend. A proceeding to contest an election is statutory and is not a proceeding in chancery, but after the petition is filed the case is to be tried in like manner as cases in chancery. The practice of dismissing a bill is confined to cases where there is a want of equity upon the face of the bill, where it is manifest that no amendment can aid it, or where there is a want of jurisdiction. *Hulse* v. *Nash,* 332 Ill. 500; *Leonard* v. *Arnold,* 244 Ill. 429; *Johnson* v. *Freeport and Mississippi River Railway Co.* 111 Ill. 413; *Thomas* v. *Adams,* 30 Ill. 37.

In accordance with our views herein expressed, the judgment of the county court of Bond County is reversed and the cause remanded, with directions to allow appellant leave to amend his complaint, and for further proceedings.

*Reversed and remanded, with directions.*