Lloyd Shouse et al., Petitioners-Appellants, v. Dieterich Community Unit School, District Number 30, Effingham, Cumberland, Jasper and Clay Counties, Defendant-Appellee.

Term No. 54–O–7.

Opinion filed November 26, 1954. Rehearing denied December 16, 1954. Released for publication December 17, 1954.

DALE WILSON, of Newton, for appellants.

TAYLOR & SCHNIEDERJON, of Effingham, for appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an action to contest the result of a school site and bond election. The amended petition alleged that the votes were not properly counted in one of the precincts, and the errors were not corrected by the

474

official canvassing board; also that unqualified persons (not identified) voted in the election. The allegations of irregularities were on information and belief.

The respondents moved to dismiss the amended petition on the ground it was insufficient in law. That motion was overruled, and an answer was then filed denying the irregularities.

Upon the subsequent hearing, the petitioners offered no evidence, but insisted that, since the petition had been held sufficient, no evidence was necessary and the court should proceed to recanvass the ballots. Thereupon the court dismissed the petition for lack of evidence, and this appeal followed.

It is here contended that petitioners had no obligation to do more than file a sufficient petition, that the petition was adequate, therefore, the ballots should be examined and compared with the poll lists to determine whether any irregularities had occurred, and that the ballots are the best evidence.

Since there was no testimony, we have no inkling whether petitioners' "information" came from an election official, an observer, or merely from gossip. It will thus be apparent that, if appellants' theory is followed, a rule is established that a court would be bound to constitute itself a super-canvassing board, and recount the ballots, without any evidence before it of improprieties, even though the petition is based on nothing more than rumor, suspicion, or someone's wishful thinking, and the material allegations are denied by the answer. No authority is cited to support this theory, appellants' brief being confined to decisions on pleadings.

The sufficiency of a complaint is one question, the necessity and sufficiency of evidence to support it is a second question, and decisions on the first do not dispose of the second. Appellants accomplish nothing by reargument on their own appeal of the pleading

question decided in their favor. The judgment against them was not based on a pleading question, but solely on lack of evidence, and the only point to be decided is whether the court erred in that respect.

It may be assumed that an answer which admits that certain principles and practices were followed might constitute a waiver of proof to that extent, so that a recount might be ordered if the court held those principles and practices were illegal. But we are aware of no exception to the fundamental rule that one who seeks relief based on charges which are denied, has the burden of proof.

In *Kreitz v. Behrensmeyer*, 125 Ill. 141, 173, the court held that an election contestant has the burden of making out a prima facie case that there is a necessity for a recount of the ballots, and that they have not been tampered with; on such proof an order for a recount will be made. It was held that admissions in the answer would aid the prima facie case, but where issue is joined, "It then devolved upon (petitioner) to make out, *by evidence,* at least a prima facie case." (p. 177, emphasis ours.)

In the same opinion, page 172, appears the following comment: "It is a clear and most palpable violation of a secret ballot to allow a party, on mere suspicion, to have the ballots exposed and subjected to scrutiny to enable him to find objections upon which to make a tangible charge."

██ The foregoing decision is one of the leading election contest cases in this state and has been cited many times. We find no indication that it has ever been overruled or modified. Accordingly, we hold that in an election contest, the contestants have the burden of proof to make out at least a prima facie case, before a court will order a recount of the ballots and a review of the acts of constituted authorities.

■ The judgment of the trial court dismissing the petition for lack of evidence, at petitioners' costs, is affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and BARDENS, J., concur.