(No. 37076.—

WALTER K. ZAHRAY *et al.*, Appellants, *vs.* THORE EMRICSON *et al.*, Appellees.

*Opinion filed May 25, 1962.*

JAMES P. HECHT, of Woodstock, for appellants.

ROBERT J. LEALI, of Woodstock, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This appeal is prosecuted from certain orders of the circuit court of McHenry County dismissing petitions to contest an election held in the city of Woodstock on April 18, 1961, for the offices of mayor and councilmen.

At the election the candidates for mayor were Thore Emricson and Ralph Kristensen, while the candidates for two councilmen posts were Gus Ritter, William Waterman, William Freund and Frances Kuhn. After the official canvass of the votes, Emricson, Ritter and Waterman were declared elected. Subsequently, and within the time required by law, the plaintiffs, Walter K. Zahray and Leslie M. Kiddoo, exercising the right given them as electors, filed a petition to contest the election for both offices. (See: Ill. Rev. Stat. 1959, chap. 46, pars. 23—19, 23—20.) This petition was dismissed upon the motion of Emricson, Ritter and Waterman, who were named as parties defendant along with the other candidates, and plaintiffs were given leave to file an amended petition. Thereafter, on September 15, 1961, an amended petition was filed which abandoned the contest for the office of mayor and contested only the election of the councilmen.

In substance, the amended petition alleged the following: That Ritter, Waterman, Freund and Kuhn had been the nominees for the office of councilmen at the election on .

April 18, 1961; that Ritter and Waterman had been declared elected by the canvassing board, the latter having been declared elected by lot; and that plaintiffs were duly qualified electors who desired to contest the elections of Ritter and Waterman. Continuing, it was alleged upon the basis of information and belief that fraud and mistake had occurred in the election in the following respects: That unqualified voters had been permitted to vote in each of the city's four election districts; that ballots included in the official count were not endorsed as required by law; that ballots included in the official count were not marked according to law; that ballots marked according to law were not included in the official count; that the election judges in the four districts did not canvass and tally the votes polled according to law; and that the vote tallies for each candidate, when added together, did not equal the number of votes represented as tallied. Thereafter, it was prayed that a recount be made of the votes cast for councilman in each district, and that the persons who should appear as elected should be declared as elected.

A motion by Ritter and Waterman to dismiss the amended petition was denied, after which they filed an answer denying the irregularities alleged. At the subsequent hearing, however, upon motion of defendants at the close of plaintiffs' proof, the court dismissed the petition on the ground that plaintiffs had not made out a *prima facie* case entitling them to a recount. While we are in accord with the result reached by the trial court, it is our opinion that the cause should have been dismissed for the insufficiency of the plaintiffs' petition.

Repeated decisions have firmly established that the purpose of a proceeding to contest an election is to ascertain how many votes were cast for or against a candidate, or for or against a measure, and thereby ascertain and render effective the will of the people. (*Smith* v. *Township High School Dist.* 335 Ill. 346; *Wagler* v. *Stoecker*, 393 Ill. 560.)

Equally certain is the principle that the proceeding cannot be employed to allow a party, on mere suspicion, to have the ballots opened and subjected to scrutiny to find evidence upon which to make a tangible charge. (*Kreitz* v. *Behrensmeyer,* 125 Ill. 141; *Shouse* v. *Dieterich Community Unit School,* 3 Ill. App. 2d 474.) And while the pleadings in contest proceedings are not required to comply with the strict technical rules applicable in civil actions, there should be such strictness as will prevent the setting aside of the acts of sworn officials without adequate and well defined cause. (See: *Joyce* v. *Blankenship,* 399 Ill. 136; *Smiley* v. *Lenane,* 363 Ill. 66; *Smith* v. *Township High School Dist.* 335 Ill. 346; 29 C.J.S., Elections, sec. 267.) Stated otherwise, there should be no reason for a recount of the votes unless there is a positive and clear assertion, allegation or claim that such a recount will change the result of the election.

The amended petition in this case falls far short of affording a basis for the contest sought. It neither alleges that the irregularities complained of changed the result of the election, nor does it allege facts which show that the irregularities would have such a result, and which if proved would render it the duty of the court to declare a defeated candidate elected. The petition does not set out how many votes were cast in the election, how many votes were received by any of the candidates, nor allege that votes cast for one candidate were wrongfully counted for another, and for all that appears in the petition the difference in votes may have been so great that none of the irregularities alleged could have affected the outcome. Indeed, the prayer of the petition recognizes this as true, for it asks only that the candidates who appear to be elected be declared as elected by the court. Petitions with the same deficiencies were held insufficient in *Conway* v. *Sexton,* 243 Ill. 59, 63, and *People ex rel. Nourie* v. *Peltier,* 265 Ill. 630, and we think the same result obtains here. (See also: *McQuagge* v. *Conrad,* (Fla. 1953;) 65 So. 2d 851; *Suttle* v. *Sullivan,* (Colo. 1955,) 283

P.2d 636; *Lammot v. Walz,* (Del. 1954,) 107 A. 2d 905; 29 C.J.S., Elections, sec. 268b(4).) In the absence of an allegation that the results of the election were changed by the alleged irregularities, or facts showing such a result, the petition assumes the proportions of an exploratory process to which neither our courts nor election officials should be subjected.

Other points have been raised but our decision has rendered them moot. Accordingly, and for the reason stated, the judgment of the circuit court of McHenry County dismissing the petition is affirmed.

*Judgment affirmed.*