JOYCE M. LOUDEN, Petitioner-Appellee, *v.* DARYL "PETE" THOMPSON, Defendant-Appellant.

(No. 70-219;

Third District—November 16, 1971.

SCOTT, J., dissenting.

Franlin S. Wallace, of Rock Island, for appellant.

Kritzer, Stansell and Critser, of Monmouth, and Fort and Fort, of Stronghurst, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

In the general election of November, 1970, the contest for sheriff of Henderson County resulted in Joyce Louden, Republican and Daryl Thompson, Democrat, each receiving 1,869 votes as shown by the official canvas. The tie vote was resolved by lot in favor of Thompson and he was declared the winner of the election. Louden filed a petition to contest the election and Thompson's motion to dismiss the petition for failure to state a cause of action was denied. Thereafter Thompson answered the petition and included an affirmative defense based on the results of statutory discovery. After hearing evidence the court ordered a recount and it is from such order that respondent Thompson has appealed.

The facts as disclosed by the pleadings and evidence are undisputed. In addition to the facts already alluded to, it appears that pursuant to an agreement, Louden and Thompson each requested discovery with relation to twenty-five percent of Henderson County's total of twelve precincts. At the request of each, three precincts were recounted for a total of six precincts subjected to statutory discovery. The results of the discovery were incorporated in petitioner's complaint and were made the basis of respondent's affirmative defense. It is admitted that the results of the discovery showed a net increase of five votes in favor of Thompson compared to the vote shown by the official canvas.

In seeking to reverse the order of the trial court, appellant argues that neither the allegations of the petition nor the evidence are sufficient to support the recount order.

■■■ As observed in *Zahray v. Emricson*, 25 Ill.2d 121, 182 N.E.2d 756, "Repeated decisions have firmly established that the purpose of a proceeding to contest an election is to ascertain how many votes were cast for or against a candidate, or for or against a measure, and thereby ascertain and render effective the will of the people. (*Smith v. Township High School Dist.*, 335 Ill. 346, 167 N.E. 76; *Wagler v. Stoecker*, 393 Ill. 560, 66 N.E.2d 408.) Equally certain is the principle that the proceeding cannot be employed to allow a party, on mere suspicion, to have the ballots opened and subjected to scrutiny to find evidence upon which to make a tangible charge. (*Kreitz v. Behrensmeyer*, 125 Ill. 141, 17 N.E. 232; *Shouse v. Dieterich Community Unit School*, 3 Ill.App.2d 474, 122 N.E.2d 837.) And while the pleadings in contest proceedings are not required to comply with the strict technical rules applicable in civil actions, there should be such strictness as will prevent the setting aside of the acts of sworn officials without adequate and well defined cause. (See: *Joyce v. Blankenship*, 399 Ill. 136, 77 N.E. 2d 325; *Smiley v. Lenane*, 363 Ill. 66, 1 N.E.2d 213; *Smith v. Township High School Distl*, 335 Ill. 346, 167 N.E. 76; 29 C.J.S. Elections, Sec. 267.) Stated otherwise, there should be no reason for a recount of the votes unless there is a positive and clear asser-

tion, allegation or claim that such a recount will change the result of the election." The court then proceeded to hold that the petition was insufficient to justify a recount.

In support of the trial court's order it seems to be petitioner's theory that errors or mistakes causing a change in the numerical vote totals is a change in the result authorizing a recount. This is true according to petitioner even though the changes in vote totals caused by error or mistake do not favor the defeated candidate. We find no support for this argument.

According to the court in *Zahray v. Emricson, supra*, the petition ". . . neither alleges that the irregularities complained of changed the result of the election, nor does it allege facts which show that the irregularities would have such a result, and which if proved would render it the duty of the court to declare a defeated candidate elected."

■■ The determination of an election by lottery when the candidates have received an equal number of votes is no less the "result" of the election than if the successful party had received a plurality of one vote, ten votes or one thousand votes. Consequently the change in result which is a necessary condition before a recount is appropriate refers to allegations and proof that the candidate previously declared defeated would, as a result of the errors or mistakes, be the successful candidate.

■■ So far as the allegations and proof are concerned petitioner concedes the only errors or mistakes described in the petition or shown by the evidence do not either, considered separately or cumulatively, show any change in the vote totals favorable to her. On the contrary it appears that respondent showed a new gain of five votes from six precincts referred to. Under the circumstances the only conclusion which can be drawn is that the petitioner "hoped" to discover errors or mistakes in a recount which might be favorable to her. Such a reason is not an appropriate basis for a recount.

For the foregoing reasons the judgment of the circuit court of Henderson County is reversed.

Judgment reversed.

ALLOY, P. J., concurring.

Mr. JUSTICE SCOTT dissenting:

The majority opinion ignores the main thrust of the opinions of the cases cited by both petitioner and respondent; that the purpose of the election contest is to determine the will of the people. (*Wagler v. Stoecker*, 393 Ill. 560, 66 N.E.2d 408.) When an election results in a tie vote decided by lot and the record shows obvious differences in the tabu-

lation of the vote in the election results and later counting of the votes for the purpose of discovery, it is unrealistic to state that the petition for recount was filed on "suspicion".

The discovery procedure is intended to give each candidate the opportunity to examine the votes cast and it is not intended to be the basis upon which a reviewing court may prognosticate as to the eventual result of the proposed recount.

The rule relevant to the facts before the court is that the petition for recount must allege that irregularities complained of would change the election or allege such facts which, if proven, would change the results of the election. (*Zahray v. Emricson,* 25 Ill.2d 121, 182 N.E.2d 765.) It was not, in my opinion, a rule meant to penalize counsel who knows full well he cannot foresee the results of a recount but who does have adequate facts to cause him to believe a recount will change the results and sets forth such facts in his petition.

I believe the trial court had ample facts from the petition on file to order the recount in question.