FANNIE L. CUMMINGS *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN *et al.*, Defendants-Appellees.

(No. 56077;

First District (2nd Division)—December 4, 1973.

Alan C. Mendelson, of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Thomas J. Cachor, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from an order dismissing plaintiffs' suit to contest a local option election.[1] The issue is whether the dismissal was error.[2] To resolve this issue, we must examine the allegations of the complaint.

## I.

Plaintiffs Fannie L. Cummings, Walter O. Carroll, Albie Cummings, Leroy Davis and William E. Holland are registered voters in the 68th Precinct of the 10th Ward, City of Chicago and have been since October 1968, when the defendant Board of Election Commissioners issued the precinct poll sheet. On or about September 3, 1970, defendant John C. Marcin, City Clerk of the City of Chicago, declared that petitions, pur-

---

[1] The election was authorized by Ill. Rev. Stat. 1969, ch. 43, par. 167, a statute that provides for referendum on retail sales of alcoholic liquor in a precinct. Contest of the election was in accordance with Ill. Rev. Stat. 1969, ch. 43, par. 182.

[2] In their brief in this court, plaintiffs present three issues which they did not raise in the trial court. Issues not raised in the trial court cannot be argued for the first time on appeal. (*Miles Homes, Inc. of Illinois v. Lyons*, 8 Ill.App.3d 179, 289 N.E.2d 469; *In re Application of County Collector*, 131 Ill.App.2d 509, 266 N.E.2d 383.) Therefore, the only issue supported by the record before us is the one that arises from the dismissal of plaintiffs' suit.

portedly signed by more than 25% of 68th Precinct registered voters, had been filed in his officer requesting that the following proposition be placed on precinct ballots for the November 3, 1970 general election:

"Shall the sale at retail of Alcoholic Liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises be prohibited in this 68th Precinct of the 10th Ward of the City of Chicago?"

Accordingly, the proposition was submitted to the voters of the precinct. On November 23, 1970, defendant Board proclaimed that a majority of the voters had voted "yes." On information and belief, it is stated that the election on the proposition is void and defective for the following reasons:

(a) The polls in the 68th Precinct did not open at 6:00 A.M. nor close at 6:00 P.M. on November 3, 1970, as required by statute. Many voters, present before the polls opened, were unable to vote because of the delay; and other voters were prevented from voting because of early closing of the polls. The number prevented from voting would have changed the results of the election. (b) On the day of the election, only four judges were on duty, thereby causing abandonment of proper election procedures, in that certain voters were not given ballots containing the proposition; and ballots were not initialed in accordance with the Election Code. Certain voters were given more than one proposition ballot. As a result, the acts of malfeasance and misfeasance affected the number voting for the proposition, which number could change the results of the election. (c) At approximately 11:00 A.M. on the day of the election, the ballot box was illegally opened. A certain number of ballots against the proposition were removed and replaced with a like number of ballots favoring the proposition. This illegal act affected the total number of votes sufficiently to change the results of the election. (d) Contrary to Ill. Rev. Stat. 1969, ch. 43, par. 171, opponents of the proposition were not afforded an opportunity to be present as challengers, even though they sought to be present and fully complied with the requirements of the statute. (e) Three of the four election judges left the polling place before the ballots were counted, leaving one election judge and numerous unknown persons who favored the proposition. The unknown persons fraudulently changed votes from "no" to "yes." Other "no" ballots were spoiled; defective "yes" ballots were corrected; and all were counted in the final tabulation. These acts affected a sufficient number of votes so as to change the results of the election. (f) The polling place itself was so arranged that it was prejudicial to opponents of the proposition. Curtains were not provided in at least two of the temporary voting booths; and two dressing rooms used for voting lacked

privacy, a fact that was prejudicial to opponents of the proposition. As a consequence of the irregularities alleged, the results of the election were materially affected so as to alter substantially the outcome of the balloting on the proposition. These irregularities make the local option election in the 68th Precinct, 10th Ward, on November 3, 1970, void; and had these irregularities not taken place, the election would have resulted in the defeat of the proposition.

## II.

Plaintiffs' complaint was filed December 2, 1970. Its allegations concerning election irregularities were in a paragraph that contained subparagraphs (a) to (f) inclusive. Defendants answered and then moved to strike and dismiss the complaint on the ground that it did not allege specific facts, did not allege fraud, did not allege how opponents of the proposition were prejudiced and did not allege why the irregularities were not cured at the time of their occurrence, when in fact this could have been done.

On February 22, 1971, after hearing the parties, the trial court struck the complaint, except subparagraph (c). Plaintiffs were given leave to amend on or before March 4, 1971. Subparagraph (c) was set for hearing. Plaintiffs did not amend their complaint. On March 12, 1971, defendants' motion to strike and dismiss was heard and plaintiffs told the court they were standing on their complaint without amendment. Defendants called a witness who testified that no irregularity occurred during the local option election on November 3, 1970. Thereafter, plaintiffs announced that they were not going to present any evidence, and the trial court dismissed the suit with prejudice. In this appeal, plaintiffs contend that the trial court erred in entering the dismissal. Defendants argue that the trial court did not err in entering the dismissal because plaintiffs' complaint did not state a cause of action.

## III.

■■ The purpose of an election contest is to ascertain how many votes were cast for or against a candidate, or for or against a measure and thereby determine the will of the people. (*Smith v. Township High School District No. 158*, 335 Ill. 346, 167 N.E. 76: compare *Waupoose v. Kusper*, 8 Ill.App.3d 668, 290 N.E.2d 903.) The pleadings in such a contest need not comply with technical rules of civil actions, but they should conform to a degree of strictness that will prevent acts of sworn officials from being set aside without adequate cause. (*Armbrust v. Starkey*, 3 Ill.2d 131, 119 N.E.2d 910; *Louden v. Thompson*, 1 Ill.App.3d 809, 275 N.E.2d 476.) And as is true of pleadings generally, substantial

averments of fact remain essential to the stating of a cause of action in an election contest. *Jarvis v. Herrin City Park District*, 6 Ill.App.3d 516, 285 N.E.2d 564; see I.L.P. Elections § 106.

■■■ For example, a complaint or petition in an election contest must allege the number of votes cast in order to determine whether an irregularity affected a proportion of the votes that would have changed the election results. Therefore, an election contest pleading that does not set out the number of votes cast by the electors is insufficient to state a cause of action. (*Conway v. Sexton*, 243 Ill. 59, 90 N.E. 203; 26 Am.Jur.2d Elections, § 338.) Furthermore, many statutory provisions governing elections are directory. For this reason, a pleading in an election contest that alleges violation of directory requirements without alleging that these deviations are fraudulent, is subject to dismissal. (See *People ex rel. Seegren v. Sackett*, 351 Ill. 363, 184 N.E. 646; 29 C.J.S. Elections § 268(2)c.) The pleading must specifically allege facts which, if proved, would show that the irregularity complained of will change the results of the election; or that the irregularity, if proved, will impose on the trial court a duty to declare the election void. (*McCaslin v. Moore*, 67 Ill.App.2d 355, 214 N.E.2d 18.) In other words, the pleading in an election contest must do more than reveal that the complaining party desires, on mere suspicion, to open the ballots and subject them to scrutiny in order that evidence may be found on which to base a tangible charge against the election process. *Zahray v. Emricson*, 25 Ill.2d 121, 182 N.E.2d 756.

■■ Turning from these principles to the case before us, we observe that plaintiffs did not allege how many votes were cast in the election about which they complain. Therefore, for all that appears in their complaint, the difference in the votes may have been so great that none of the irregularities alleged could have affected the outcome. (*Zahray v. Emricson*, 25 Ill.2d 121, 182 N.E.2d 756.) This pleading defect is compounded by an absence of any allegation that fraud motivated the alleged irregularities in opening and closing of the polls, in the adequacy of the number of election judges present and in the propriety of the way ballots were handled. Although the complaint concludes in several places that the irregularities affected the results of the election, no specific facts were alleged to support these contentions. Therefore, plaintiffs' complaint did not state a cause of action. (See *Vanderbilt v. Marcin*, 127 Ill.App.2d 192, 262 N.E.2d 42.) Its dismissal was not error. The order is affirmed.

Affirmed.

STAMOS, P. J., and HAYES, J., concur.