EDWIN T. ARMSTRONG *et al.*, Plaintiffs-Appellants, *v.* SCHOOL DISTRICT NO. 100, COOK COUNTY, *et al.*, Defendants-Appellees.

First District (4th Division)  No. 77-1150

Opinion filed April 20, 1978.—Rehearing denied May 25, 1978.

Arthur G. Jaros, Jr., of Cicero, for appellants.

Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago (Everett E. Nicholas, Jr., and Lorence H. Slutzky, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The trial judge dismissed the suit filed by the plaintiffs for failure to state a cause of action. The plaintiffs appeal from the ruling of the trial judge.

The sole issue we need consider on review is whether or not the plaintiffs' complaint states a cause of action.

The facts of the case are on December 18, 1976, the defendant Board of Education of School District 100, held a tax rate referendum to increase the maximum tax rate of the district. On December 22, 1976, the Board of Education canvassed the election and declared both propositions on the ballot had been approved by the voters. On January 4, 1977, the plaintiffs filed a verified complaint, seeking to have the election and the increased tax levy declared null and void for failure to comply with the pertinent statutes. On May 9, 1977, the trial judge entered an order striking and dismissing the plaintiffs' complaint and making the following findings as a matter of law:

1. The complaint alleges violation of directory requirements without alleging fraud;

2. The complaint fails to state a cause of action; and

3. The complaint is based on mere suspicion, and the allegations are not sufficient to invalidate the election.

■■ In the trial court and on appeal here the plaintiffs urge the election be declared invalid per se as a result of the defendants following a number of alternative methods, provided by statute, in conducting the election. We have examined the record and the applicable statutes and find no reason for overturning the results of the election. As the supreme court said in *Zahray v. Emricson* (1962), 25 Ill. 2d 121, 123-24:

"Repeated decisions have firmly established that the purpose of a proceeding to contest an election is to ascertain how many votes were cast for or against a candidate, or for or against a measure, and thereby ascertain and render effective the will of the people. [Citations.] Equally certain is the principle that the proceeding cannot be employed to allow a party, on mere suspicion, to have the ballots opened and subjected to scrutiny to find evidence upon which to make a tangible charge. [Citations.]"

■■ As was noted in the trial court, the plaintiffs are making a number of vague and unsubstantiated charges against the defendants and did not, either in the trial court or on appeal here, offer a scintilla of evidence which would allow us to overturn the results of the election.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.