VICTOR A. SWEETWOOD *et al.*, Plaintiffs-Appellants, *v.* ALBERT MAHONEY *et al.*, Defendants-Appellees.

Third District   No. 80-443

Opinion filed February 26, 1981.

Ludwig J. Kuhar, of Kuhar & Kuhar, of Joliet, for appellants.

Andrew J. Kleczek and Robert Morel Gray, both of Bolden, Gray & Kleczek, of Joliet, for appellees.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Plaintiffs, Victor A. Sweetwood and Jeanne Marie Sweetwood, sued defendants, Albert Mahoney and Sonja Mahoney, alleging breaches of certain warranties made in connection with the sale of a house to plaintiffs. This appeal is brought by the plaintiffs from the dismissal of their amended complaint and the denial of their request for leave to file a second amended complaint.

In July 1979, the plaintiffs, who were living in and renting the premises located at 819 East Washington Street in Joliet, Illinois, purchased the two-family structure from the defendants. The plaintiffs chose Bell Realty to represent them in the transaction, and they selected the form and format of the contract.

Included in the contract was the following express warranty:

"L. Seller Warrants

Seller hereby warrants that prior to the execution of this instrument neither he nor his agent has received any notice issued by any city, village or other governmental authority, of a dwelling code violation in the dwelling structure upon the premises herein described."

The plaintiffs allege that this express warranty, as well as an implied warranty of habitability arising out of the warranty deed given to the plaintiffs at closing, was violated in the following manner. A short time after the closing, the plaintiffs sought to obtain a building permit from the City of Joliet for certain remodeling work they intended to do in the house. A building inspector from the city then examined the premises and advised the plaintiffs that a furnace system installed by the defendants just prior to the closing was installed in a defective manner, in violation of the City of Joliet Building Code Ordinance. He also informed the plaintiffs that the defendants had installed the furnace without first having obtained a building permit from the City of Joliet.

The dwelling was declared to be in violation of the city's building code ordinance. As a consequence of this declaration, the plaintiffs expended the sum of $2,116.65 to have the furnace system reinstalled to comply with the provisions of the building code.

The first complaint filed by the plaintiffs in January 1980 alleged a breach of the express warranty contained in paragraph L of the real estate contract. The complaint also alleged a violation of the City of Joliet Municipal Ordinances pertaining to building permits. This complaint was

dismissed upon the defendants' motion. In their motion, the defendants asserted that it was impossible to ascertain whether the complaint was claiming negligence or wilful and wanton misconduct on the part of the defendants, that no copy of the real estate contract was attached, and that no specific violation of paragraph L of the contract was alleged.

An amended complaint was filed by the plaintiffs in March 1980. The amended complaint alleged in count I a violation of the express warranty stated in paragraph L of the real estate contract and in count II a violation of "the implied warrant of fitness made by Defendant's [*sic*] to Plaintiff's [*sic*] by virtue of the warranty deed."

The amended complaint was dismissed on May 13, 1980, following a hearing. The plaintiffs then requested leave to file a second amended complaint, a request which was denied by the trial judge. This appeal followed.

The plaintiffs contend that both counts of their amended complaint stated a cause of action and that its dismissal by the trial judge was error. In the alternative, they argue that the trial court's summary denial of their request for leave to file a second amended complaint was an abuse of discretion.

■■ Count I of the plaintiffs' amended complaint purports to allege a violation of the no-notice warranty contained in paragraph L of the real estate contract. An examination of count I reveals that the plaintiffs actually allege a violation of a warranty that no code violations existed at the time of the transfer of ownership. Paragraphs five and six of count I allege that the defendants violated the building code of the City of Joliet by failing to obtain a building permit for the installation of the furnace and that they further violated the building code by improperly installing the furnace. These actions, while they may be less than honorable, do not violate the express warranty stated in paragraph L of the real estate contract to the effect that the seller has not received any notices of dwelling code violations.

It was the plaintiffs and their real estate broker who selected the format and wording of the contract. That contract, a common, form-type real estate contract, was certainly subject to alteration prior to its execution. If the plaintiffs wanted an inspection by the City of Joliet Building Department or a certification by the Department that no code violation existed as a condition precedent in the contract, they could have requested the same. In this regard, we note that the plaintiffs, who rented the subject premises from the defendants prior to the sale, were certainly in a position to know of the installation of the new furnace system. For this reason they were in a more advantageous position than are most home purchasers to determine whether the structure complied with building code ordinances.

■■ Contrary to the plaintiffs' assertions, no ambiguity exists in the wording of paragraph L. Express warranties, such as that found in paragraph L, are to be construed consistent with the clear and natural import of the language used. (*Illinois Valley Asphalt, Inc. v. La Salle National Bank* (1977), 54 Ill. App. 3d 317, 369 N.E.2d 525.) For that reason, and because the plaintiffs candidly admit that no code violation notices were either issued to or received by the defendants, we determine that count I of the plaintiffs' amended complaint was properly dismissed.

Count II of the plaintiffs' amended complaint, which alleges that the defendants' failure to advise plaintiffs of the improperly installed furnace was a breach of the defendants' implied warranty of habitability arising out of the warranty deed, was likewise properly dismissed.

■■ In 1979 the Illinois Supreme Court modified the long standing principle of *caveat emptor* in regard to real estate transactions when it found an implied warranty of habitability applicable to the sale of a newly constructed home by a builder-vendor to a lay vendee. (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) This warranty is said to arise out of the contract of sale and not out of the warranty deed, thus avoiding the concept of merger. The carefully worded *Petersen* opinion limits the application of the warranty to the sale of new homes by builder-contractors. The plaintiffs in the present case urge us to apply the *Petersen* principle to the sale of an older structure by a non-builder vendor. This we decline to do.

In *Petersen* our supreme court alludes to the lay vendee's lack of knowledge of construction practices and to his necessary reliance upon the integrity and skill of the builder-vendor. (76 Ill. 2d 31, 40, 389 N.E.2d 1154, 1158.) This situation is far removed from that evident in the case at bar. The dwelling sold to the plaintiffs by the defendants, who are neither builders nor contractors, was an older structure. To impose an implied warranty of habitability in this situation because a new furnace system had recently been installed would lead to strained and unrealistic applications of the implied warranty of habitability doctrine. For example, would the installation of new storm windows, the replacement of bricks in a step or foundation, or the application of a particular type of paint to older homes prior to sale invoke the doctrine? If so, present homeowners would be placed in the peculiar position of deciding whether to improve their property—and thus enhance its value for resale—and thereby risk lawsuits from purchasers dissatisfied with the improvements upon the basis of an implied warranty of habitability. Obviously, such results are not desirable and are not indicated by the holding in *Petersen*.

The plaintiffs' final contention is that the trial judge abused his discretion in summarily denying their request for leave to file a second amended complaint. They allege that they submitted to the judge a

photocopy of the opinion in *Posner v. Davis* (1979), 76 Ill. App. 3d 638, 395 N.E.2d 133, which he did not read prior to denying their request without comment. *Posner v. Davis* involves an action for damages by home purchasers against the sellers based upon fraud.

The plaintiffs' alleged submission of the *Posner* opinion suggests that they anticipated including a count alleging fraud on the part of the defendants in a proposed second amended complaint. However, we cannot be certain of either the nature of the plaintiffs' proposed second amended complaint or the basis for the trial court's denial of their request to file such a complaint, because the plaintiffs have failed to file a report of proceedings or a bystander's report or to submit a proposed second amended complaint in the instant appeal.

■■■ Clearly, it is the duty of the appellants, the plaintiffs in the case at bar, to furnish a complete record on appeal. (*H. Vincent Allen & Associates, Inc. v. Weis* (1978), 63 Ill. App. 3d 285, 379 N.E.2d 765.) The plaintiffs have failed in this regard. Their failure to submit a proposed second amended complaint is fatal to their allegations that the trial judge abused his discretion in denying their request to file such a complaint. In an analogous situation, the Illinois Supreme Court, in *Lowrey v. Malkowski* (1960), 20 Ill. 2d 280, 285, 170 N.E.2d 147, 150, stated as follows:

> "Plaintiffs however, also argue that the trial court abused its discretion in refusing to permit them to file an amendment to their complaint after the original complaint was dismissed. The trial judge has broad discretion in permitting or refusing amendments and we will review only a manifest abuse of such discretion. (Deasey v. City of Chicago, 412 Ill. 151, 156, 105 N.E.2d 727; Joyce v. Blankenship, 399 Ill. 136, 77 N.E.2d 325.) In the present case we are powerless to review the exercise of discretion by the trial judge, as plaintiffs have failed to incorporate the proffered amendment in their record on appeal. We must, therefore, assume that the refusal to permit such an amendment was not prejudicial to plaintiffs."

Likewise, in the case at bar, we assume the denial of the plaintiffs' request to file a second amended complaint was a proper exercise of the trial court's discretion.

For the foregoing reasons we affirm the orders of the Circuit Court of Will County dismissing, with prejudice, the plaintiffs' amended complaint and denying the plaintiffs' request for leave to file a second amended complaint.

Affirmed.

BARRY and STOUDER, JJ., concur.