Donald Kirchenberg *et al.*, Plaintiffs-Appellants, *v.* The Chicago Transit Authority *et al.*, Defendants-Appellees.

(No. 58482; )

First District (5th Division)—June 29, 1973.

Martin J. Freed and Dean A. Dickie, both of Chicago, for appellants.

James G. O'Donohue, John Devine, and Norman J. Barry, all of Chicago, for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

On January 12, 1973, plaintiffs filed both a complaint and an amended complaint by which they sought "a temporary restraining order, preliminary injunction and permanent injunction" to restrain defendants from replacing with diesel busses certain electric trolley busses and from dismantling the supporting electric equipment therefor. On the same day, without notice of record to defendants, plaintiffs presented to the court their written "Motion for Temporary Restraining Order," which, by order of the same date, was denied. On January 15, plaintiffs filed their notice of appeal from said order.

When briefing was completed, the cause was set for oral argument, and at that time this court indicated to the parties its opinion that the order was not appealable, but that further study would be given to the question, with an opinion to follow.

We are still of the same mind. There can be no question but that the order appealed from is not a final judgment appealable as a matter of right under article VI, section 6 of the Illinois constitution. Appealability must therefore arise, if at all, from the authority lodged in the Supreme Court by the same section to "provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Rule 307 is the rule which has been adopted by the Supreme Court to accommodate interlocutory appeals to this court as a matter of right. Ill. Rev. Stat. 1971, ch. 110A, par. 307.

If there is any right in plaintiffs to appeal from the order in the instant case, it must be found in subparagraph (a)(1) of Rule 307 which provides for an interlocutory appeal from an order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction."

■■ As amended in 1967, the Injunction Act (Ill. Rev. Stat. 1971, ch. 69, pars. 1, 3 and 3—1), refers to three distinct types of orders: an "injunction" (often referred to in the cases as a "permanent injunction"), a "preliminary injunction," and a "temporary restraining order." The last was a new breed of order, added by the amendments of 1967, and theretofore without any recognizable counterpart in the case law. That plaintiffs recognized the differences among these three kinds of orders is clear from the prayer of their complaint, quoted in part in the first paragraph of this opinion, in which all three types are referred to separately and expressly. Nor can there be any doubt that plaintiffs meticulously asked the court, not for a preliminary "injunction"—clearly covered as to appealability by Rule 307—but merely for a "temporary restraining order" the function of which, if entered, would have terminated by the time plaintiffs had filed their brief in this court, and before the time allowed to appellees to file their brief if Rule 307 were to be applicable.

■■ We perceive the purpose of a temporary restraining order to be simply a status quo holding device to enable the court to make orderly arrangement for a hearing on application for a preliminary injunction. The statute itself seems to indicate this, we believe, by its requirement in section 3—1 that after issuance of a temporary restraining order, "the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character * * *."

Returning to the language of Rule 307, we cannot stretch the word "injunction" to cover a temporary restraining order, especially since the rule was amended by the Supreme Court more than two years after the statutory creation of the term in question and, in our opinion, the rule would then have made specific reference thereto if it had been so intended.

In general, and in most all of its particulars, we agree with the opinion of the court in *Bohn Aluminum & Brass Co. v. Barker*, 3 Ill.App.3d 600, 278 N.E.2d 247.

■■■ A temporary restraining order not being appealable, this appeal is dismissed.

Appeal dismissed.

DRUCKER, P. J., and LORENZ, J., concur.