GARY LEE BULLARD, Plaintiff-Appellant, *v.* JANICE JANE BULLARD, Defendant-Appellee.

Fifth District   No. 78-349

Opinion filed November 16, 1978.

R. Michael Fischer, of Alton, for appellant.

No brief filed for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Respondent Gary Lee Bullard appeals from the orders of the Circuit Court of Bond County dissolving a preliminary injunction upon condition

that he post $2500 security in connection with a child custody dispute with petitioner Janice Jane Bullard following the parties' divorce.

On March 21, 1978, Ms. Bullard filed a petition for citation in the Circuit Court of Bond County alleging that respondent fled from the jurisdiction with their minor child, Julie Christine Bullard, in violation of the divorce decree which had awarded custody of the child to petitioner. The petition also requested the issuance of an injunction without notice or bond prohibiting any persons having an interest in or control over respondent's assets from disposing or participating in the disposal of such assets. On the same day, the court granted petitioner's request for an injunction without notice or bond by enjoining the First Federal Savings & Loan Association of East Alton, Illinois, which was holding certain funds belonging to Mr. Bullard and his new wife, Wanda, from distributing any of these assets until further order of the court.

On April 19, 1978, Mr. Bullard filed a response to the petition for citation and a petition to dissolve and vacate the court's order of March 21, 1978, alleging that the petition for citation failed to state a claim for temporary injunctive relief. He admitted, however, that he had the minor child in his home in the State of Florida. On May 16, 1978, the court entered an order continuing the March 21, 1978, injunction "until there has been a ruling on the petition to dissolve and vacate." Thereafter, on June 5, 1978, Mr. Bullard amended his petition to vacate or dissolve, alleging that there was no reason to continue the injunction as he had entered an appearance in this action and had returned Julie to petitioner. In addition, he filed a petition to modify the decree of divorce seeking custody of the child. On July 17, 1978, the court entered its order finding:

> "[t]hat the grounds for the injunction as issued no longer exist; however, grounds exist for at least two other reasons:
>> a. Mr. Bullard has at least held himself out to be a non-resident * * * and should have (sic) security for costs and attorney's fees.
>> b. Mr. Bullard should post security for visitation because of prior violations of court orders."

Consequently, the court concluded that Mr. Bullard should post a bond for security with the amount to be determined at a later date. On July 26, 1978, the court ordered the bond to be set at $2,500 and found that the funds deposited at the First Federal Savings and Loan Association "may be used for this purpose." It further ordered "that the injunction entered March 21, 1978 against plaintiff [Mr. Bullard] and First Federal Savings and Loan is hereby dissolved provided, however, that the sum of $2500.00 shall be delivered directly to the Clerk of the Court * * * and the balance to be forthwith delivered to Gary and Wanda Bullard * * *."

It is from the orders of July 17, 1978 and July 26, 1978 that respondent brings this appeal.

■■ ■ The first issue before this court is whether these orders are appealable under Supreme Court Rule 307(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 307(a)) which provides for interlocutory appeals as a matter of right from an order refusing to dissolve an injunction. The threshold question, therefore, is whether the order of July 26, 1978 which purportedly dissolved the injunction has the opposite effect of continuing the order indefinitely. We believe it does. We first note "that in determining what constitutes an injunction order subject to interlocutory review the courts would look to the substance rather than to the form." (*Bohn Aluminum & Brass Co. v. Barker*, 55 Ill. 2d 177, 180, 303 N.E.2d 1, 3 (1973); *Valente v. Maida*, 24 Ill. App. 2d 144, 149, 164 N.E.2d 538, 541 (1st Dist. 1960).) The March 21, 1978, order, in essence, enjoined the First Federal Savings & Loan Association from distributing any of the funds to Mr. Bullard. The order of July 26, 1978, has a similar effect notwithstanding the language that the injunction was dissolved. Although the July 26, 1978, order is phrased in terms of a security device, it is essentially injunctive in character. We, therefore, conclude that the preliminary injunction remains in effect and the matter is appealable under the provisions of Supreme Court Rule 307(a).

■■ Respondent argues that the trial court's order granting the injunction was improper in that it failed to conform with the requirements of section 3—1 of the Injunction Act (Ill. Rev. Stat. 1975, ch. 69, par. 3—1) which provides for the issuance of temporary restraining orders. We agree that the injunction was inappropriate, but not for the reasons stated by respondent. Respondent confuses a temporary restraining order with a preliminary injunction. A temporary restraining order is an extraordinary remedy of extremely brief duration which is employed only in emergency situations. (See *Paddington Corp. v. Foremost Sales Promotions, Inc.*, 13 Ill. App. 3d 170, 300 N.E.2d 484 (1st Dist. 1973).) Notice to the opposing party is required except in situations where "immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served * * *." (Ill. Rev. Stat. 1975, ch. 69, par. 3—1.) The general purpose of a temporary restraining order is to preserve the status quo until a hearing can be had to determine whether a preliminary injunction should issue *Kirchenberg v. Chicago Transit Authority*, 13 Ill. App. 3d 184, 300 N.E.2d 482 (1st Dist. 1973).

A preliminary injunction, in comparison to a temporary restraining order, is not necessarily of extremely brief duration since its primary purpose is to provide relief to the injured party and maintain the status quo until the trial on the merits. Although section 3 of the Illinois

Injunction Act (Ill. Rev. Stat. 1975, ch. 69, par. 3) provides for the issuance of a preliminary injunction without notice under extraordinary situations, we note that courts reluctantly find such a situation. (See *Bettendorf-Stanford Bakery Equipment Co. v. UAW Local 1906*, 49 Ill. App. 3d 20, 363 N.E.2d 867 (5th Dist. 1977); *Sangamo Electric Co. v. UAW International*, 42 Ill. App. 3d 563, 356 N.E.2d 389 (4th Dist. 1976); *Mars, Inc. v. Curtiss Candy Co.*, 8 Ill. App. 3d 338, 290 N.E.2d 701 (1st Dist. 1972).) In fact, one court has gone so far as to comment that notice and some sort of hearing are required before it will grant a preliminary injunction. (*Paddington Corp. v. Foremost Sales, Promotions, Inc.*, 13 Ill. App. 3d 170, 174, 300 N.E.2d 484, 487.) While the standard for granting a preliminary injunction is similar to that of a temporary restraining order, which is the specific showing of immediate and irreparable harm, we believe it is necessary to stress the differences between these two types of injunctions.

■■ Applying these principles, it is clear that the trial court issued a defective preliminary injunction. Although the situation may have warranted the use of a preliminary injunction, the failure of Ms. Bullard to provide respondent with notice of the petition requesting the injunction necessitates a finding that the relief granted was improper. The notice requirement is dispensed with only upon a showing that immediate and irreparable harm will result during the time it takes to provide the opposing party with notice and an opportunity to be heard. Neither the petition for citation nor the court's order granting the injunction averred the existence of such a grave and urgent situation. The petition merely alleged that respondent had taken the minor child and fled the jurisdiction in violation of the divorce decree. In absence of any specific finding that the giving of notice will prejudice the rights of petitioner, the preliminary injunction without notice or bond is defective.

■■ Assuming *arguendo* that the trial court properly issued the injunction, it erred in not providing respondent with the opportunity to be heard immediately thereafter. A trial court cannot grant an injunction for an indefinite period of time and then refuse to hold hearings on the propriety of its actions. In any event once respondent entered an appearance in these proceedings and returned the child to petitioner, there was no reason for the preliminary injunction to continue. The trial court acknowledged this fact but decided that the funds, the subject of the preliminary injunction, should be held as security for the performance of certain acts by respondent.

■■■ Even if we agree that the trial court could properly convert the preliminary injunction into an arrangement where certain funds are held as security, we find that these security devices as presently established are still defective. In the orders of July 17 and 26, the court required

respondent to post $2500 as security for costs and attorney's fees in the present action and as security for the performance of certain acts in connection with visitation rights. By statute, a non-resident plaintiff can be required to post "security for costs, substantially in the following form:

"A B v. C D—(Title of court.)

I, (E. F,) do enter myself security for all costs which may accrue in the above cause." (Ill. Rev. Stat. 1975, ch. 33, par. 1)

Respondent argues that he is not a nonresident plaintiff, and, therefore, this section does not apply. Although Mr. Bullard is the respondent to the petition for citation, he has nevertheless initiated proceedings to obtain custody over his minor child. We believe that this action to modify the decree of divorce makes Mr. Bullard a nonresident plaintiff within the meaning of the statute. We do not agree, however, that Mr. Bullard should be required to post $2500 cash as security for costs. The statutory language is clear that a personal undertaking will suffice in routine situations. While the trial court would certainly have the discretion to require a surety bond in cases where a personal undertaking is not sufficient, it has no authority to compel a litigant to deposit his personal funds as security because it would unduly restrict a nonresident's access to the Illinois courts.

■■ The trial court also erred in imposing security in connection with respondent's visitation rights. Respondent has shown himself willing to comply with the Illinois custody proceedings as indicated by his general appearance and his return of the child to petitioner. In absence of any further visitation violations, we believe it would be an abuse of discretion to continue to punish respondent for his past actions.

In conclusion, the trial court erred in granting and continuing the preliminary injunction and then converting it to a security device. Accordingly, the orders of the Circuit Court of Bond County requiring respondent to post $2500 security are reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.