TOM YOUNG, Plaintiff-Appellee, v. JERRY WASHINGTON, Defendant-Appellant (Sylvester O. Rhem *et al.*, Defendants).

First District (1st Division) No. 84—1906

Opinion filed October 3, 1984.

JIGANTI, J., dissenting.

Andrew M. Raucci and Michael P. McClelland, both of Chicago, for appellant.

Robert L. Anderson, of Anderson & Associates, Marc S. Lipinski, and James A. Thomas, all of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The present appeal arises out of an election contest brought by plaintiff Tom Young pursuant to section 7—63 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 7—63). Plaintiff Young and defendants Jerry Washington and Sylvester O. Rhem[1] were all candidates in the March 30, 1984, primary election, each seeking the Democratic party nomination for the office of Representative in the General Assembly for the 24th representative district. On March 28, 1984, the Chicago Board of Election Commissioners completed its canvass and certified that 5,887 votes were cast for Washington, 5,874 votes were

---

[1]Defendant Rhem is not a party to this appeal.

cast for Young and 4,062 votes were cast for Rhem. On April 16, the State Board of Elections proclaimed Washington the Democratic candidate for the office in question. Plaintiff Young filed a petition for a discovery recount with the Chicago Board of Election Commissioners on April 2 and seven days later filed his initial election contest petition in the circuit court of Cook County.

Under section 7—63, April 26, 1984, was the last date on which Young was entitled to file his contest petition. On that date, plaintiff requested by way of motion that he be given leave to file an amended petition incorporating the results of the discovery recount. In plaintiff's motion for leave to amend, he indicated that the information from the discovery recount was unavailable when he filed his initial pleading and that he now wished to provide the court with more detailed information substantiating his claim. Washington objected to the proposed amendment, and the motion was set to be heard on May 14.

On April 30, during the pendency of plaintiff's motion for leave to amend, the Chicago Board of Election Commissioners completed its counting of ballots in the discovery recount proceedings. On May 14, the trial court granted plaintiff's motion for leave to amend his petition, with the order expressly providing that the amended pleading relate back to April 26. Young's amended petition contained general allegations that the election was tainted by a number of irregularities, including, but not limited to, uninitialled ballots, late initialling of ballots, unregistered voters and illegal assistance. Plaintiff further alleged that he was the true winner of the election, having received the most legal votes.

On June 19, 1984, the trial court granted Washington's motion to dismiss Young's first amended petition for lack of specificity. On oral motion and over the objection of defendant Washington, plaintiff was given leave to file a second amended petition in a separate order also dated June 19, 1984. Plaintiff's second amended petition contained allegations similar to those included in the first amended petition, but the allegations were set forth with greater particularity.

On July 17, 1984, Washington filed a motion to reconsider, arguing that the trial court was without jurisdiction to permit the filing of a second amended petition where the first amended petition was previously dismissed in its entirety and where the statutory time for filing an election contest petition had lapsed. The trial court denied Washington's motion to reconsider. However, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), the trial court certified the question to this court whether plaintiff should be given leave to file a sec-

ond amended petition. We vacate the order of the trial court granting plaintiff's motion for leave to file a second amended petition and remand for further proceedings.

■ Plaintiff Young contends that under section 2—616(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(b)), he should be permitted to amend his petition even after the statutory time for filing a primary election contest has lapsed. He cites several cases in support of the proposition that amendments are to be liberally allowed in election contests. (See *Joyce v. Blankenship* (1948), 399 Ill. 136, 77 N.E.2d 325; *MacGuidwin v. South Park Commissioners* (1928), 333 Ill. 58, 164 N.E. 208; *Clarke v. Bettenhausen* (1921), 296 Ill. 373, 129 N.E. 803.) However, plaintiff's reliance on the above cases is misplaced, since they all concern contests of general elections, not primary elections. An examination of the procedural differences evinced in the statutory provisions concerning primary contests and general election contests reveals that our legislature never intended the liberal amendment provisions of section 2—616(b) to apply to primary election contests.

Section 7—63 of the Election Code comprehensively regulates primary election contest procedures. It limits contestants to any "candidate whose name appears on the ballot," thus excluding write-in candidates and electors. The petition must be verified and filed within 10 days after the completion of the canvass, with a notice of pendency of contest to be served upon the canvassing board. This section also establishes venue and provides that upon filing, the petition is to be presented to the circuit court judge, who shall note the date of presentation, set a hearing date within 10 days, and order summons to issue. Summons shall issue "forthwith" and be served "as in any other civil cases." The case may be determined any time not less than five days after service of process and "shall have preference in the order of hearing to all other cases." The statute also provides a procedure for change of venue and requires the contestant to "give security for all costs." Section 7—63 directs the trial court to dismiss the petition "if, in the opinion of the court, in which the petition is filed, the grounds for contest alleged are insufficient in law." If the trial court finds the petition sufficient, the statute directs the court to "proceed in summary manner" and to "make such orders and enter such judgment as justice may require." Finally, section 7—63 permits appeals from trial court judgments "as in other civil cases."

In contrast, our legislature has provided that in the case of a general election contest "the case shall be tried as other civil cases." (Ill. Rev. Stat. 1983, ch. 46, par. 23—23.) Also, section 23—23 of the Elec-

tion Code explicitly provides that any contestant "may amend his petition at any time before the completion of the recount by withdrawing his request for recount of certain precincts, or by requesting a recount of additional specified precincts." There is no parallel provision in section 7—63 permitting amendment of pleadings in primary election contests.

We believe our legislature has drawn a distinction between primary and general election contests based on the obvious exigencies inherent in a primary election contest. A primary contest must be quickly determined so that the party nominee's name appears upon the general election ballot. While in the instant case there is a six-month period between the primary and general elections, in the case of municipal elections the period is only six weeks. If the liberal amendment procedures given in section 2—616(b) of the Code of Civil Procedure were applicable to primary contests, the legislative intent of a rapid and summary disposition for all primary election contests would be significantly frustrated.

■ We do not believe that all amendments to a primary contest petition should be foreclosed after the time for filing the election contest petition has lapsed. However, election contests are statutory in nature and therefore jurisdiction and procedure are strictly governed by the specific statutory provision. (*Orbach v. Axelrod* (1981), 100 Ill. App. 3d 973, 427 N.E.2d 399.) The mandatory language of section 7—63 requires that the trial court, at some point, make a preliminary determination of the primary petition's sufficiency. If the trial court finds the petition "insufficient in law," it is directed, in mandatory language, to dismiss the petition. If the petition is found legally sufficient, the statute directs the court to "proceed in summary manner" to hear the case. Accordingly, we hold that where the trial court has made the preliminary inquiry required under section 7—63 and dismissed the petition, and where the statutory time for filing a primary election contest has lapsed, the trial court is without jurisdiction to permit the filing of additional amended pleadings.

Applying this holding to the precise question of law certified for appeal, we find that the trial court should not have granted plaintiff leave to file a second amended petition where plaintiff's first amended petition was dismissed and the statutory time for filing an election contest petition has lapsed. Accordingly, the order of the trial court granting plaintiff leave to file a second amended petition is vacated, and the cause is remanded for further proceedings consistent with the views expressed herein.

Vacated and remanded.

McGLOON, J., concurs.

JUSTICE JIGANTI, dissenting:

The defendant, Jerry Washington, contends that the trial court did not have jurisdiction to enter the order on June 19, 1984, which allowed Tom Young, the plaintiff, to file his second amended petition in this election contest. Washington specifically asserts that this appeal is based on a question of jurisdiction and does not involve the court's discretion. A brief chronology of the pertinent events is as follows:

| | |
|---|---|
| April 2, 1984: | Young filed the instant election contest. |
| April 26, 1984: | This was statutorily the last day within which to file an election contest. Young filed his first amended petition. (Washington in the trial court contested Young's right to file this petition. However, on appeal Washington concedes that the trial court had jurisdiction to consider Young's request for leave to *file* the amended petition.) |
| June 5, 1984: | Washington filed a motion to "strike and dismiss" the first amended petition filed on April 26, alleging that Young's first amended petition lacked specificity. |
| June 19, 1984: | The trial court entered two orders, in the first of which it allowed Washington's motion to "dismiss" Young's first amended petition. In the second order entered contemporaneously Young was given leave to file a second amended petition. (It is this second order that Washington seeks to reverse on appeal.) |

Washington reasons that on June 19 the court "dismissed" the petition as "insufficient in law" under section 7—63 of the Election Code. (Ill. Rev. Stat. 1983, ch. 46, par. 7—63.) Consequently, he argues, the court lost jurisdiction. Section 7—63 reads, in pertinent

part, as follows:

> "If, in the opinion of the court, in which the petition is filed, the grounds for contest alleged are *insufficient in law* the petition shall be dismissed. If the grounds alleged are sufficient in law, the court shall proceed in a summary manner \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 46, par. 7—63.

I disagree with the argument in two respects. First, the evidence does not support Washington's contention that the court found the petition "insufficient in law." Washington made a motion to strike and dismiss the petition because it failed to allege facts with the required specificity. Washington does not here assert how the petition is insufficient. A petition that is merely not specific enough, particularly in a situation like this where Young was gathering facts all along, is not in my judgment a petition that is insufficient in law under the statute. The trial court was allowing Young to amend his petition so the court could most intelligently consider the proper issues. If indeed the second amended petition was insufficient the court could dismiss it. Washington does not here contend that delay is an issue, only jurisdiction.

Secondly, the order entered on June 19 is not a dismissal order even though the exact wording of the order states that it dismisses the petition. We must look to the second order that was entered at the same time which allows Young to file a second amended petition. If a petition is finally dismissed the order allowing leave to file an amended petition is absurd. In considering the orders as a whole they must be considered in terms of the ordinary practice in filing such motions. Generally they are phrased, as it was in this case, in terms of a motion to strike and dismiss. In this case the order dismissing the petition more appropriately is an order to strike the petition with leave to Young to file his second amended petition.

Washington cites *Smith v. Township High School District No. 158* (1929), 335 Ill. 346, 167 N.E. 76, and *MacGuidwin v. South Park Commissioners* (1928), 333 Ill. 58, 164 N.E. 209, in support of his argument that the trial court did not have jurisdiction when it allowed Young to file his second amended petition. Washington asserts that in *Smith* and *MacGuidwin* it was held that where a properly filed petition to contest an election sets forth one or more sufficient grounds for contest, amendments to the petition may be allowed even after the expiration of the time within which the original petition was required to be filed. *Smith v. Township School District No. 158* (1929), 335 Ill. 346, 351, 167 N.E. 76; *MacGuidwin v. South Park Commissioners* (1928), 333 Ill. 58, 76-77, 164 N.E. 208.) Washington argues

that under the standard of *Smith* and *MacGuidwin,* as Young did not allege any grounds of contest, the trial court improperly allowed Young to amend his petition. The premise of this argument is that Young's petition is insufficient in law. As I stated above, I believe there is no question of the petition being insufficient in law under the statute; it merely lacked specificity.

The purpose of a proceeding to contest an election is to ascertain the true vote of the electorate. *Smith* and *MacGuidwin* recognize that as the very nature of this kind of a proceeding makes it difficult for a petitioner to state how a fraud had been perpetrated without further investigation, the petition should receive a reasonable construction such that a fraud will not be allowed to go protected, but yet conforming to a degree of strictness so as to prevent the setting aside of the acts of sworn officials on mere suspicion, without an adequate and well defined cause. (*Smith v. Township School District No. 158* (1929), 335 Ill. 346, 351, 167 N.E. 76; *MacGuidwin v. South Park Commissioners* (1928), 333 Ill. 58, 76-77, 164 N.E. 208; see also *Zahray v. Emricson* (1962), 25 Ill. 2d 121, 124, 182 N.E.2d 756.) The only alleged defect in the first amended petition is lack of specificity. Striking that petition and allowing Young to file the second amended petition was well within the court's power. I would affirm the order of the trial court.