CLYDE JORDAN et al., Plaintiffs-Appellees, v. CARL E. OFFICER et al., Defendants (Carl E. Officer, Defendant-Appellant).

Fifth District    No. 5—87—0251

Opinion filed May 15, 1987.

Kenwyn A. Redding, of Belleville, for appellant.

Richard G. Younge, of East St. Louis, and Philip R. Rice, of Rice Law Office, of Belleville, for appellees.

JUSTICE WELCH delivered the opinion of the court:

This appeal arises out of the February 24, 1987, Democratic Party primary election for candidates for the April 7, 1987, consolidated (general) election for city offices in the city of East St. Louis. Carl Officer defeated Clyde Jordan, Harold Franklin, and Roosevelt Malone for the Democratic Party nomination for mayor; Charlotte Moore defeated Charles Powell for the Democratic Party nomination for city treasurer. The margin of victory was 1,035 votes for Officer over Jordan and 987 votes for Moore over Powell. On March 9, 1987, Jordan and Powell, the plaintiffs herein, petitioned the trial court contesting the primary election results on the basis, *inter alia*, that over 2,000 voters in the primary election had also signed the nominating petitions for independent candidates. Plaintiffs' petition named Officer, Moore, Franklin, and Malone as defendants. On March 25 the circuit court ordered the city of East St. Louis election board to review nominating petitions filed by independent candidates to determine who among the persons signing those petitions also voted in the primary election. On March 27 the election board filed its petition for permission to distribute absentee ballots for the consolidated election naming Officer and Moore as the Democratic candidates for the offices of mayor and treasurer, respectively. The election board also requested

that due to the lateness of the distribution of the absentee ballots, the electors be allowed to apply for absentee ballots not less than two days prior to the consolidated election rather than the five-day period set forth by statute. On April 2, 1987, while the election board review was in progress, the circuit court on its own motion postponed the April 7, 1987, consolidated election "pending further instructions from this Court." In that order the court stated as reasons for that order the expense which would be wasted should the consolidated election proceed with improper names on the ballot and the physical impossibility of holding the election as scheduled by statute. (Ill. Rev. Stat. 1985, ch. 46, par. 2A—1.1(b).) Following denial of motions to reconsider, Officer appealed pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)). While this appeal was pending, Officer filed with this court a certified copy of a suggestion of death indicating Jordan died on or about April 23, 1987.

The remaining plaintiff argues this case is unappealable under Rule 307(a)(1). Rule 307(a)(1), an exception to the general rule against appeals before final judgment, allows appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Plaintiff argues the order Officer appeals is not injunctive as to Officer, as it is directed against the election board and does not require Officer to do anything or to refrain from doing anything. Plaintiff also suggests it is somehow important regarding appealability that the April 2, 1987, order was entered on the court's own motion. In determining what constitutes an injunction subject to interlocutory review, the court should look to the substance of the order rather than its form. (*Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 180, 303 N.E.2d 1, 3 (held, a "temporary restraining order" was appealable as a "restraint upon the defendant which is essentially injunctive in character" (55 Ill. 2d 177, 183, 303 N.E.2d 1, 5)); *Bullard v. Bullard* (1978), 66 Ill. App. 3d 132, 135, 383 N.E.2d 684, 686.) Passively phrased, Rule 307(a)(1) does not purport to require that an order be issued against a party to the action or at the behest of the other to be appealable. Plaintiff has provided no authority imposing such a condition for appealability. The instant order issued as part of plaintiff's action against defendants, and one of its effects was to prevent the consolidated election until such time as plaintiff might prove his contentions that the primary results were improper. We believe this order was a "restraint" upon Officer which was "essentially injunctive in character" and hence appealable.

We turn to the merits. We have determined that the crucial issue in this appeal is one which was not raised by the parties. That issue is

whether the circuit court was authorized to enjoin an election. As we have determined that the court had no such authority, the April 2, 1987, order was improper and is vacated.

■■■ It is well established that the courts have no jurisdiction to enjoin the holding of an election. (*Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 460, 359 N.E.2d 138, 141; *Fletcher v. City of Paris* (1941), 377 Ill. 89, 93, 35 N.E.2d 329, 331.) In *Fletcher v. City of Paris*, our supreme court quoted from *Walton v. Develing* (1871), 61 Ill. 201:

> " 'The election proposed would have been an assemblage of the people for a lawful purpose, and for consultation for the common good. It would have violated no law; would have been no usurpation of authority, and would have been the exercise of a constitutional right. \*\*\* But the attempt to check the free expression of opinion—to forbid the peaceable assemblage of the people—to obstruct the freedom of elections—if successful, would result in the overthrow of all liberty regulated by law. The mere effort to assume such power is dangerous to the rights of the citizen. If the courts can dictate to the officers of the people that they shall not hold an election from fear of some imaginary wrong, then people and officers are entirely subservient to the courts, and the consequences are too fearful to contemplate. The principle which would authorize the mighty mandate of a court of chancery, in this case, would justify it in every election to be held by the people, and thus the whole administration of the government might be obstructed and all power and authority placed at the footstool of the judge.' " *Fletcher v. City of Paris* (1941), 377 Ill. 89, 96-97, 35 N.E.2d 329, 332-33.

The general rule is subject to exception, where injunctive relief is necessary to prevent a waste of public funds by the holding of an election under an unconstitutional election statute or any election called in violation of the constitution. (*E.g. Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 461, 359 N.E.2d 138, 142.) The case at bar does not involve this exception to the general rule. This case commenced as an election contest between candidates for Democratic Party nominations for city offices. However, the results of the instant injunction extend far beyond the rights of the electors of the city who expressed a preference in the Democratic primary. The electors were guaranteed by statute the opportunity to vote for the offices in question on April 7, 1987. (Ill. Rev. Stat. 1985, ch. 46, par. 2A—1.1(b).) The result of this dispute between Democratic

Party hopefuls has been to prevent electors of political persuasions other than those embraced by the contestants' party from making any expression of their preference at the polls. As a result of the injunction this intraparty squabble has affected the rights of all of the electors. We find no justification for this result in fact or in law.

Pursuant to our authority under Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)), the April 2, 1987, order of the circuit court of St. Clair County in this cause is vacated and this cause is remanded to the circuit court for further proceedings.

Order vacated; cause remanded with directions.

KARNS, P.J.,[1] and KASSERMAN, J., concur.

---

[1]Justice Karns replaces Justice Jones, who retired after the cause was taken under advisement.