TERRENCE M. JORDAN, Petitioner-Appellant, v. STANLEY KUSPER, County Clerk of Cook County, *et al.*, Defendants-Appellees.—COOK COUNTY REPUBLICAN PARTY *et al.*, Petitioners-Appellants, v. THE STATE BOARD OF ELECTIONS *et al.*, Respondents-Appellees.

First District (1st Division) Nos. 86—2392, 86—2631 cons.

Opinion filed December 21, 1987.

Peter Petrakis and Alexander R. Rothrock, both of Chicago, for appellant Cook County Republican Party.

Richard M. Daley, State's Attorney, and Michael Levinson, of Chicago Board of Election Commissioners, both of Chicago (Gareth C. Leviton, Assistant State's Attorney, of counsel), for appellees Stanley Kusper, Chicago Board of Election Commissioners, Michael Lavelle, Corneal Davis and James Nolan.

James J. Casey, of Chicago, for appellee James C. O'Connell.

A. L. Zimmer, James Tenuto, and Andrew M. Viola, all of Chicago, for appellee State Board of Elections.

Terrence M. Jordan, of Chicago, appellant *pro se.*

JUSTICE CAMPBELL delivered the opinion of the court:

This consolidated appeal arises from separate actions which were filed in the trial court by two candidates for judicial office, as well as the Cook County Republican Party, challenging the results of the primary election held in Cook County on March 18, 1986, determining the Republican candidate for a judicial vacancy in the circuit court of Cook County. The trial court dismissed both causes of action, finding that the plaintiffs had failed to comply with the procedural guidelines for a statutory election contest. Plaintiffs appeal from the dismissal orders.[1]

On March 18, 1986, a primary election was held in Cook County to determine the Republican nominee for the office of judge of the circuit court of Cook County, as well as the nominees for other offices. The name of the judicial nominee would appear on the ballot for the general election to be held on November 4, 1986. No printed names appeared on the Republican primary ballot for the vacant judicial office since no candidate had filed the required nominating papers with the State Board of Elections. The Cook County Canvassing Board tabulated the results of the primary election and determined that James O'Connell had received five write-in votes and, on April 22, 1986, O'Connell was certified by the Illinois State Board of Elections as the nominee of the Republican party to run for the judicial vacancy in the general election.

On March 20, 1986, plaintiff Terrence Jordan sent a letter to Stanley Kusper, clerk of Cook County, stating that he believed certain write-in votes had been cast for him in the primary as the Republican nominee to fill the judicial vacancy, and, in the event such votes were cast, he accepted the nomination. Jordan received no response to his letter and, thereafter, filed the first lawsuit which is the subject of this appeal. On May 14, 1986, Jordan filed a petition seeking *mandamus* relief against the clerk of Cook County and the Chicago board of election commissioners and requesting that he be certified as the winner of the Republican primary election.

Subsequently, on May 19, 1986, the judicial managing committee of the Republican Party passed a resolution to nominate John Madden to fill the vacancy for the judicial nomination. On June 2, 1986, the Illinois State Board of Elections notified the judicial managing committee that the nomination of Madden would not be accepted since

---

[1]This appeal was disposed of by order of this court dated October 28, 1986, affirming the decision of the trial court and providing that a written disposition would follow. This opinion is now issued in accordance with that order.

O'Connell had already been certified as the candidate. On July 11, 1986, the Cook County Republican Party and John Madden filed a second cause of action pertaining to the primary election seeking declaratory and injunctive relief against the State Board of Elections, the clerk of Cook County, the Chicago board of election commissioners, O'Connell and Jordan. Specifically, the relief sought in this action was that the State Board's certification of O'Connell as the winner of the Republican primary election be declared invalid and that a writ of *mandamus* issue to the State Board ordering it to certify Madden as the Republican candidate.

The trial court granted defendants' motions to dismiss in both causes of action, ruling that plaintiffs did not timely file their petitions pursuant to the primary election contest procedures set forth in section 7—63 of the Election Code. Ill. Rev. Stat. 1983, ch. 46, par. 7—63.

On appeal, plaintiff Jordan argues that section 7—63 does not apply to write-in candidates and that the trial court erred when it denied his motion to file an amended petition. Plaintiffs Madden and the Cook County Republican Party contend that their action was not an election contest subject to the provisions of section 7—63 since they did not challenge the result or conduct of the primary election.

I

We first consider those arguments raised by plaintiff Jordan. Article 7 of the Election Code regulates the nomination and primary election process. (Ill. Rev. Stat. 1983, ch. 46, par. 7—1 *et seq.*) Section 7—63 contains the enabling language and procedural requirements to maintain an action challenging a candidate's nomination in a primary. (Ill. Rev. Stat. 1983, ch. 46, par. 7—63.) Section 7—63 provides that only "a candidate whose name appears upon the primary ballot of any political party may contest the election of the candidate or candidates nominated for the office for which he or she was a candidate by his or her political party." The statute further provides that "a petition in writing, setting forth the grounds of contest *** shall be filed within 10 days after the completion of the canvass of the returns by the canvassing board making the final canvass of returns." Ill. Rev. Stat. 1983, ch. 46, par. 7—63.

In the instant case Jordan failed to file an election contest within the time limits provided by section 7—63 and now argues that a write-in candidate may contest an election pursuant to section 23—20 of the Election Code. (Ill. Rev. Stat. 1983, ch. 46, par. 23—20.) Section 23—20 sets forth the rules for contesting general elections

and provides for a 30-day limit for filing an election contest. Jordan argues that his petition was timely filed within this 30-day time limitation and should not have been dismissed. From our reading of article 23 of the Election Code, and specifically section 23—20, we believe its provisions apply only to contest the results of general elections and do not apply to the nomination process and primaries, which are governed by article 7. Section 23—19, which immediately precedes section 23—20, provides "[t]he election of any person declared elected to any office may be contested by any elector of the state." In reading sections 23—19 and 23—20 together, it is apparent that an election contest may not be brought unless section 23—19's requirement that "any person declared elected to any office" is first met. In the case before us, when O'Connell won the Republican primary election for the judicial vacancy, he was not declared "elected to any office" but merely achieved the right to run as the Republican Party's candidate for that office. Accordingly, it is our judgment that section 23—20 is not applicable to primary elections.

Jordan cites *Whitsell v. Rutherford* (1969), 118 Ill. App. 2d 401, 255 N.E.2d 34, to support his position that section 23—20, as well as section 7—63, provides a basis for contesting the results of a primary election. In *Whitsell,* the court permitted the plaintiff to bring an action under section 23—20 to contest respondent's election in a primary as a precinct committeeman. However, the candidates for the office at issue in *Whitsell,* precinct committeeman, were being elected to that office and not merely nominated for it. The court stated "[t]he primary is the general election insofar as a precinct committeeman is concerned." (118 Ill. App. 2d at 403, 255 N.E.2d at 35.) In the case at bar, Jordan was seeking only the party's nomination and the right to run in the general election. He was not elected to any office. Accordingly, we find plaintiff's reliance on *Whitsell* is misplaced.

■■ ■ Jordan further argues that, as a write-in candidate, he had no standing to bring an election contest under section 7—63 and that his only avenue of relief was section 23—20. Section 7—63 provides that "any candidate whose name appears upon the primary ballot" may contest the election of the candidates nominated. We believe this language was intended by the legislature to include write-in candidates in that it does not restrict the initiation of an election contest to those candidates whose names were printed on the ballot. We, therefore, find no error by the trial court in finding that Jordan had standing to bring an election contest under section 7—63. Since Jordan had standing to bring an election contest pursuant to section 7—63 but failed to meet the time requirement of the statute, the trial court

properly dismissed his complaint.

■ Jordan finally argues that the trial court erred in denying his motion to amend his original petition. This argument is without merit. Since section 7—63 requires that an election contest must be filed within 10 days after the completion of the canvass and Jordan failed to meet this statutory requirement, his action was properly dismissed. Thereafter, the trial court properly denied his motion to amend since no subsequent amendment could cure the defects in the petition.

## II

We next consider the arguments raised by plaintiffs Madden and the Republican Party. Madden and the Republican Party sought declaratory and injunctive relief asking the court to enjoin the State Board of Elections from certifying to the county clerk any person other than Madden as the Republican candidate in the general election to fill the judicial vacancy at issue and that Madden be certified as the Republican candidate. These plaintiffs first contend that their cause of action was not an election contest subject to the time requirements of section 7—63 since they did not challenge the results of conduct of the primary election. Plaintiffs relied on section 7—59(c) of the Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 7—59(c)) in seeking declaratory and injunctive relief. Section 7—59(c) provides that a write-in candidate is not nominated for or elected to office unless the number of votes he receives in the primary election equals or exceeds the number of signatures required on the petition for nomination for such office. Plaintiffs maintain that since O'Connell made no showing that he met the requirements of 7—59(c), he is precluded from being declared the winner of the nomination. Defendants maintain that since Madden and the Republican Party failed to meet the time requirements of section 7—63, their cause of action was properly dismissed by the trial court.

■ As previously stated, article 7 of the Election Code regulates the nomination and primary election process. (Ill. Rev. Stat. 1983, ch. 46, par. 7—1 *et seq.*) Section 7—63 provides that only a candidate whose name appears upon the primary ballot may contest the nomination of a candidate for office by filing an election contest within 10 days after the certification of the results by the canvassing board. (Ill. Rev. Stat. 1983, ch. 46, par. 7—63.) A proceeding to contest an election is purely statutory and has no viability outside of the statute. (*In re Contest of Election for the Offices of Governor & Lieutenant Governor* (1983), 93 Ill. 2d 463, 444 N.E.2d 170; *Young v. Mikva* (1977), 66 Ill. 2d 579, 363 N.E.2d 851; *Orbach v. Axelrod* (1981), 100 Ill. App. 3d

873, 427 N.E.2d 399.) An election contest must be filed at the proper time and brought by a person possessing the qualifications specified by the statute. (*Harding v. Albert* (1939), 373 Ill. 94, 25 N.E.2d 32.) In the case at bar, plaintiffs have failed to properly utilize the legislative remedy available to them to challenge a candidate's nomination. Madden was not a candidate in the primary election nor did he file an election contest within 10 days after completion of the canvass. Since plaintiffs did not meet either the standing or time requirements of section 7—63, we find that the trial court properly dismissed their cause of action.

In arguing that they are entitled to declaratory and injunctive relief under section 7—59(c), petitioners cite *Foster v. Kusper* (N.D. Ill. 1984), 587 F. Supp. 1194. In *Foster*, a write-in candidate for the office of Republican ward committeeman sued election officials for declaratory and injunctive relief under section 7—59(c) based on Federal constitutional grounds. The court held that the election board could not bar from office a write-in candidate who had won not only a plurality, but an actual majority of votes cast in the primary because such action would constitute a violation of the equal protection clause. The plaintiffs in the instant case do not stand in the same procedural posture or seek the same relief as requested in *Foster*. In the case at bar, Madden was not a candidate for judicial office in the Republican primary, and he, therefore, lacks standing to bring the instant action. Moreover, the declaratory and injunctive relief was granted in *Foster* pursuant to the plaintiff's Federal constitutional rights and not based on the application or enforcement of section 7—59(c). In the instant case, the relief Madden and the Republican Party seek is the enforcement of the statute. We, therefore, find *Foster* inapposite to the instant case.

In the recent case of *Torres v. Board of Election Commissioners* (1986), 142 Ill. App. 3d 955, 492 N.E.2d 539, this court denied injunctive relief to the plaintiff, who sought to enjoin the defendant election authority from certifying the results of a special aldermanic election. This court ruled that the plaintiff had an adequate remedy at law, the election contest, and absent express statutory authority, the courts lacked the power to grant equitable relief. In accordance with those principles enunciated in *Torres*, we did not believe that any of the modes selected by plaintiffs in the instant actions attempting to set aside the election results of the March 18, 1986, primary election are maintainable substitutes for a statutory election contest.

Prior to the primary election, the Republican Party chose not to nominate a candidate for the judicial vacancy. Plaintiff Madden did

not run in the primary election and did not receive any votes. The record indicates the State Board of Elections acted in a timely and efficient manner in certifying O'Connell as the winner of the primary election results as certified by the State Board of Elections. Here a remedy is expressly provided by the legislature and the power and adequacy of the available remedy rests with the legislature. *Goldstein v. Hertz Corp.* (1973), 16 Ill. App. 3d 89, 305 N.E.2d 617.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.

